UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INSTALLER TECHNOLOGY CO., a Florida corporation,

      Plaintiff,

v.

ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign limited company, and FASTLINK SUPPLIES LP, a foreign limited partnership,

      Defendants.

CASE NO. 1:15-cv-24738-UU

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, INSTALLER TECHNOLOGY CO. ("ITC"), by and through undersigned counsel, hereby files this response to the Court's Order to Show Cause entered December 29, 2015, and in support thereof states as follows:

1.    On December 28, 2015, ITC commenced this action against the Defendants pursuant to this Court's ability to decide cases arising under its diversity jurisdiction. ITC provided the Defendants' counsel with a copy of the Complaint and a request that the Defendants agree to waive formal service of process. At this time, ITC has not received a response to this request, neither of the Defendants have made an appearance, and neither Defendant has been served.

2.    At the time ITC filed its Complaint, due to incomplete information as to the citizenship of the foreign defendants, it was unable plead diversity with enough specificity to persuade the Court that jurisdiction was proper.

3.	Accordingly, on December 29, 2015, this Court entered an Order to Show Cause, requesting that ITC show good cause in writing by January 8, 2016 as to why this case should not be dismissed for lack of subject-matter jurisdiction. [D.E. 6].

4.	Upon further investigation, ITC has been able to obtain additional evidence that supports its conclusion that complete diversity exists in this matter.

5.	Defendant Advertising Technologies Ltd. d/b/a Propeller Ads Media ("Propeller Ads") is and was a corporation organized under the laws of the British Virgin Islands, an Overseas Territory of the United Kingdom.  Exhibit A.  Propeller Ads' principal place of business is in the British Virgin Islands.  In the alternative Propeller Ads is and was a corporation organized under the laws of the UK with its principal place of business in London. Exhibit B.  In either case, Propeller Ads is and was a citizen of the United Kingdom.[1]

6.	Defendant Fastlink Supplies LP ("Fastlink") is and was a limited partnership formed in the United Kingdom. Fastlink's principal place of business is in South Lanarkshire, Scotland.  Exhibit C.

7.	Fastlink has one general partner and one limited partner.

8.	Fastlink's general partner is Total Admin Ltd. Exhibit C.  Total Admin Ltd. is a corporation organized under the laws of New Zealand, with its principal place of business in New Zealand. Total Admin Ltd. is and was a citizen of New Zealand. Exhibit D.

9.	ITC has also identified a corporation by the name of Total Admin Ltd. that is organized under the laws of the United Kingdom, with its principal place of business in Stoke-

---

[1] In *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 100 (2002), the Supreme Court held that "the United Kingdom's retention and exercise of authority over the BVI renders BVI citizens, both natural and juridic, 'citizens or subjects' of the United Kingdom under 28 U.S.C. § 1332(a)."

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

On-Trent, England. If this Total Admin Ltd. is the proper general partner, then Total Admin Ltd. is and was a citizen of the United Kingdom.  Exhibit D.

10. Irrespective of which Total Admin Ltd. is the proper general partner, neither of them is a citizen of Florida.

11. Fastlink's limited partner is Super Admin Ltd. Super Admin Ltd. is a corporation organized under the laws of the United Kingdom, with its principal place of business in London, England. Super Admin Ltd. is and was a citizen of the United Kingdom.

12. A limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

13. Therefore, Fastlink is either a citizen of the United Kingdom or a citizen of New Zealand. Either way, it is not a citizen of Florida.

14. To that end, ITC will be filing an Amended Complaint contemporaneously with this response, pursuant to Fed. R. Civ. P. 15(a)(1).

15. To the extent the Court remains unsatisfied that it possesses subject-matter jurisdiction over this matter, ITC respectfully requests that it be granted leave to conduct limited discovery as to the citizenship of the parties. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-30 (11th Cir. 1982) (finding a qualified right to jurisdictional discovery when a court's jurisdiction is genuinely in dispute).

## MEMORANDUM OF LAW

*Propeller Ads*

United States District Courts possess "alienage" jurisdiction to decide cases between citizens of a state and citizens or subjects of a foreign state under 28 U.S.C. § 1332(a)(2). In its

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

initial Complaint, ITC erroneously characterized Propeller Ads as a "limited company organized under the laws of the British Virgin Islands, with its principal place of business in the United Kingdom." *See* Compl. ¶ 8. That characterization was erroneous.

In fact, Propeller Ads is a "private company limited by shares" (also known as a "private limited company") organized under the laws of the British Virgin Islands or the United Kingdom.

Counsel has been able to find no case law that specifically held that a BVI private limited company is to be treated as a corporation (rather than an LLC or other unincorporated entity[2]) for diversity purposes under 28 U.S.C. § 1332(c). However, courts have held that U.K. private limited companies are treated as corporations for the purposes of diversity. *SHLD, LLC v. Hall*, No. 15 Civ. 6225(LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sep. 29, 2015). Furthermore, the Seventh Circuit has had an opportunity to consider whether a private limited company organized under *Bermuda* law should be considered a corporation for purposes of establishing diversity. *See Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 582-83 (7th Cir. 2003). In *Lear*, the Court found that under the Bermuda Companies Act of 1981, a business organization limited by shares is an entity with perpetual existence, governed by a board of directors, able to issue tradable shares, and is independent of its equity investors. It held that such a company limited by shares "is equivalent in all legally material respects to a corporation under state law" and "Johnson Electric, rather than the investors, therefore is a 'citizen' for purposes of U.S. law, and complete diversity exist[ed]." *Id.* at 583.

---

[2] As the Court noted, if such a company is an "unincorporated" entity akin to an LLC under state law, a plaintiff must allege the citizenship of each constituent member. *Rolling Greens*, 374 F.3d at 1021.

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

By way of comparison, a private limited company under BVI law, like Bermuda law, is sufficiently analogous to a United States corporation to be pleaded as such.[3] Under the BVI Business Companies Act, a BVI private limited company is an entity with perpetual existence. § 27. It is governed by a board of directors. § 109. It may issue tradable shares. § 52. And it is independent of its equity investors. §§ 27, 30. Thus, for all intents and purposes, a BVI private limited company is a corporation, for which diversity should be pleaded under 28 U.S.C. § 1332(c).

Thus, because Propeller Ads is and was a private limited company under BVI law, with its principal place of business in the BVI (an Overseas Territory of the United Kingdom, and a "foreign state" under 28 U.S.C. § 1332(a)), Propeller Ads is and was a citizen of the United Kingdom.

*Fastlink*

As outlined above, Fastlink is a limited partnership organized under either the laws of the United Kingdom, with its principal place of business in South Lanarkshire, Scotland. The citizenship of a partnership is determined by the citizenship of each partner, both general and limited. *Rolling Greens*, 374 F.3d at 1021.

During the course of its investigation, ITC determined that Fastlink has two partners, one general and one limited. The limited partner, Super Admin Ltd., is a private limited company under the laws of the United Kingdom, with its principal place of business in London, England. Such private limited companies are deemed "corporations" for diversity purposes. *See SHLD*,

---

[3] A complete copy of the BVI Business Companies Act can be found at http://www.bvifsc.vg/Portals/2/BVI_Business_Companies_Act_2004_Revised_1_1_06.pdf.

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

2015 WL 5772261, at *2. Therefore, Super Admin Ltd. is and was a citizen of the United Kingdom.

The general partner is slightly more complicated. Fastlink's general partner is another private limited company, called Total Admin Ltd. However, ITC has identified two companies with that name. One is organized under the laws of New Zealand with its principal place of business in Auckland. The other is organized under the laws of the United Kingdom, with its principal place of business in Stoke-On-Trent, England.

Irrespective of which of these corporations is the proper general partner, neither of them are citizens of Florida. Fastlink is either a citizen of the United Kingdom and New Zealand, or solely a citizen of the United Kingdom. Propeller Ads is solely a citizen of the United Kingdom. ITC is solely a citizen of Florida. Therefore, complete diversity exists, and this court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

*Request for Limited Jurisdictional Discovery*

Finally, if the Court remains unconvinced that it retains subject-matter jurisdiction, ITC respectfully requests that it be permitted to conduct limited discovery on the issue of the citizenship of the defendants. Such discovery is "not entirely discretionary", and has been approved by the Eleventh Circuit as means for a district court to ascertain its competency to entertain a case on its merits. *Eaton*, 692 F.2d at 729-30. District courts routinely grant leave to conduct such discovery where the citizenship of the parties is in question. *See, e.g., CSDVRS, LLC v. Purple Commc'ns, Inc.*, No. 8:13-cv-1811-T-30AEP, 2013 WL 4763948 (M.D. Fla. Sep. 4, 2013); *Godiciu v. J.P. Morgan Chase Bank, N.A.*, No. 12-60533-CIV, 2012 WL 4370263, at

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

*2 (S.D. Fla. Sep. 24, 2012); *Calixto v. BASF Constr. Chems., LLC*, No. 07-60077-CIV, 2008 WL 1840717, at *1 (S.D. Fla. Apr. 22, 2008). Such leave should be granted here, too, if the Court remains uncertain as to its jurisdiction.

WHEREFORE, ITC respectfully requests that this matter not be dismissed for lack of subject-matter jurisdiction and that the Court's Order to Show Cause be discharged, or in the alternative that ITC be granted leave to conduct limited jurisdictional discovery, as well as grant any further relief that this Court deems just and appropriate.

### CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Aaron M. Dmiszewicki<br>
Aaron M. Dmiszewicki

Respectfully submitted,

/s/ Aaron M. Dmiszewicki
Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

# SERVICE LIST

CASE NO. 1:15-cv-24738-UU

Val Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
E-Mail: vgurvits@bostonlawgroup.com
Telephone: (617) 928-1800
***Attorney for Propeller Ads and Fastlink***

4834-5943-5820, v.  1

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100