UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,<br><br>    Defendants. | CASE NO. 1:15-cv-24738-UU |

**JOINT PLANNING AND SCHEDULING REPORT**

The Parties, INSTALLER TECHNOLOGY CO. ("ITC"), ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA ("Propeller Ads"), and FASTLINK SUPPLIES LP ("Fastlink"), by and through undersigned counsel and pursuant to this Court's Order Setting Initial Planning and Scheduling Conference [D.E. 19], Fed. R. Civ. P. 26(f), and Local Rule 16.1(b), hereby submit the following Joint Planning and Scheduling Report:

**1.    A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claims and any other relief sought.**

The overriding nature of the Plaintiff's claims against the Defendants is of an action for fraud. It is the Plaintiff's position that the Defendants fraudulently and artificially inflated the number of "clicks" and "views" on certain advertisements placed by the Plaintiff in order to increase its own fees.

The Defendants contest (1) whether this Court has personal jurisdiction over them and (2) whether any court has jurisdiction over them, owing to the alleged existence of an arbitration

agreement between the parties. However, to the extent this Court chooses to exercise jurisdiction over the Defendants, the Defendants intend to pursue a counterclaim against the Plaintiff for breach of contract, fraud, and other related claims.

2. **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

   None at this time.

3. **A brief summary of the issues as presently known.**

   The threshold issue to be contested by the Defendants is whether this Court has personal jurisdiction over the Defendants. It is Plaintiff's position that, as a result of Defendants engaging Plaintiff in a business relationship, this Court has personal jurisdiction over the Defendants.

   Thereafter, this Court must decide whether the Advertiser Agreement controls this present action. Plaintiff contends that it does not. Defendants contend that it does.

   All other issues concern the alleged fraudulent business and billing practices by the Defendants that resulted in an inflated bill not representative of the consumer base that viewed the advertisements paid for by Plaintiff. These issues will include the existence of a valid contract, the terms of that contract, the existence of alleged fraudulent activity in an effort to increase the number of clicks on a website, and whether Defendants were unjustly enriched as a result of inflated bills compared to services rendered.

4. **Whether discovery should be conducted in phases or limited to particular issues.**

   The parties anticipate that there will be initial litigation over the existence and enforceability of an alleged arbitration agreement between the parties, as well as whether or not this Court has personal jurisdiction over the Defendants. Accordingly, there may be some value in limiting early discovery to those issues—to the extent the Defendants plead them—before

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

engaging in full-blown discovery, which is likely to require experts and may result in extensive ESI investigation.

**5.    A detailed schedule of discovery for each party.**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1). | Per Court Order [D.E. 19], Rule 26 disclosures have already been exchanged. |
| Motions to Add Parties or to Amend Pleadings | 1 month from entry of an order on Defendants' 12(b) motion |
| Disclosure of Expert Reports               Plaintiff:<br><br>                                                        Defendant: | 6 months from entry of an order on Defendants' 12(b) motion<br><br>7 months from entry of an order on Defendants' 12(b) motion |
| Discovery Deadline | 8 months from entry of an order on Defendants' 12(b) motion |
| Dispositive Motions, *Daubert*, and *Markman* Motions | 9 months from entry of an order on Defendants' 12(b) motion |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions), Witness Lists, Exhibit Lists with Objections, Trial Briefs | 11 months from entry of an order on Defendants' 12(b) motion |
| All Other Motions Including Motions *In Limine* | One week after filing of Joint Final Pretrial Statements |
| Final Pretrial Conference | 12 months from entry of an order on Defendants' 12(b) motion |

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

- 4 -

| Trial Term Begins | 13 months from entry of an order on Defendants' 12(b) motion |
| --- | --- |
| Estimated Length of Trial | 5 days |
| Jury/Non-Jury | Jury |
| *Mediation*    *Deadline:* | 3 weeks following discovery deadline |
| *Mediator:* | John Freud |
| *Address:* | 150 W. Flagler Street Suite 2700 Miami, FL 33130 |
| *Telephone:* | (305) 371-9120 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes _____    No  X  <br><br>Likely to Agree in Future _____ |

**6.    Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

See above.

**7.    Proposed approximate dates for final pre-trial conferences and trial.**

See above.

**8.    The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.**

See above.

**9.    A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

None at this time.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

10. **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

This case will require an extensive ESI investigation into the systematic scheme of Defendants' business practices.

11. **Any potential need for references to a special master or magistrate.**

None anticipated at this time.

12. **The status and likelihood of settlement.**

Although the parties have engaged in some preliminary settlement negotiations, the parties agree that settlement is unlikely at this time.

13. **Such other matters as are required by Local Rule 16.1(b) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

International Litigation Counsel for the Defendants, Val Gurvits, is a Massachusetts attorney and is not licensed in Florida. Accordingly, Mr. Gurvits will need to obtain admission *pro hac vice* and obtain local counsel pursuant to Special Rule Governing the Admission and Practice of Attorneys 4(b). Until that time, Brady J. Cobb will be counsel for the Defendants.

Additionally, the Defendants are foreign entities and, as the Court is aware, it has taken some time to effectuate service. Further complicating the matter is the need to obtain Hague service in order to ensure that any judgment awarded in favor of ITC is enforceable abroad. Unfortunately, Hague service takes longer than "informal" service, which would only allow ITC to leverage a judgment against the Defendants' assets in the United States. Notwithstanding, Defendants have agreed to accept service.

As of the date of filing this Joint Planning and Scheduling Report, the Plaintiff has effectuated service only on Defendant Propeller Ads. The summonses were sent out for service on the same day and went to the same address, as both Defendants maintain the same registered

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

agent office in Scotland. Propeller Ads was served on March 8, 2016. Plaintiff expects that Defendant Fastlink will be served shortly. Counsel for ITC has been advised by its process server that service against Fastlink should be effectuated **no later than** the end of May.

Defendants may decide to file third party claims as well as counterclaims.

Date: April 1, 2016

| s/Brady J. Cobb | s/Aaron M. Dmiszewicki |
|---|---|
| Brady J. Cobb, Esq. | Avery A. Dial |
| Email: bcobb@CobbEddy.com | Fla. Bar No. 732036 |
| | Email: adial@fowler-white.com |
| Cobb Eddy, PLLC | Aaron M. Dmiszewicki |
| 642 NE 3rd Ave. | Fla. Bar No. 111455 |
| Fort Lauderdale, FL 33304 | Email: admiszewicki@fowler-white.com |
| Telephone:  (954) 527-4111 | |
| Facsimile:   (954) 900-5507 | FOWLER WHITE BURNETT, P.A. |
| | One Financial Plaza, Suite 2100 |
| *Counsel for Defendants* | 100 Southeast Third Avenue |
| | Fort Lauderdale, Florida 33394 |
| | Telephone:  (954) 377-8100 |
| | Facsimile:   (954) 377-8101 |
| | *Counsel for Plaintiff* |

4846-8488-4015, v. 1

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100