UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign limited company, and<br>FASTLINK SUPPLIES LP, a foreign limited company,<br><br>    Defendants. | Case No.<br>1:15-cv-24738-UU |
| ADVERTISING TECHNOLOGIES LTD., a foreign limited company, and<br>FAST LINK SUPPLIES LP, a foreign limited company,<br><br>    Counter-Plaintiffs,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation,<br>CHRISTOPHER MISERESKY, an individual, and<br>NETNUCLEUS USA, INC., a Florida corporation,<br><br>    Counter-Defendants and<br>    Third-Party Defendants. | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM/THIRD-PARTY
COMPLAINT**

1

Defendants Advertising Technologies Ltd. d/b/a Propeller Ads Media ("Propeller") and Fastlink Supplies LP ("Fastlink," and together with Propeller, "Defendants"), for their Answer to the First Amended Complaint of Installer Technology Co. ("ITC" or "Plaintiff") state as follows:

## INTRODUCTION

1. Defendants deny the allegations of this paragraph. In answering further, Defendants state that Plaintiff's allegations are entirely fictitious and that Plaintiff filed its Complaint solely as a tactic in response to Defendants' demands as set forth in the Notice of Intent to File Suit for Breach of Contract and Fraud, a true and correct copy of which is attached hereto as Exhibit 1. That Notice of Intent was sent on or about December 18, 2015 and Plaintiff's first response was to file its Complaint in this action. The facts make it clear that Plaintiff only filed its Complaint in a misguided attempt to pressure Defendants into abandoning their claims against Counter-Defendants.

## JURISDICTION AND VENUE

2. Defendants admit the allegations of this paragraph for jurisdictional purposes only and deny for all other purposes.

3. Defendants admit the allegations of this paragraph for jurisdictional purposes only and deny for all other purposes.

4. Defendants admit the allegations of this paragraph for jurisdictional purposes only and deny for all other purposes.

5. Defendants admit the allegations of this paragraph for jurisdictional purposes only and deny for all other purposes. Defendants specifically deny that Defendants took any action within the State of Florida.

6. Defendants admit the allegations of this paragraph for jurisdictional purposes only and deny for all other purposes.

## PARTIES

7. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

8. This paragraph contains conclusions of law to which no response is required, but to the extent a response is deemed necessary to the remaining portions of this paragraph: Defendants admit only that Propeller is a company organized under the laws of the British Virgin Islands. Defendants deny the remaining allegations of this paragraph.

9. This paragraph contains conclusions of law to which no response is required, but to the extent a response is deemed necessary to the remaining portions of this paragraph: Defendants admit only that Fastlink is a company organized under the laws of the United Kingdom.

10. Defendants admit the allegations of this paragraph.

11. Defendants admit only that Fastlink's general partner is Total Admin Ltd. Defendants deny the remaining allegations of this paragraph.

12. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

13. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

14. Defendants admit only that Fastlink's limited partner is Super Admin Ltd. Defendants deny the remaining allegations of this paragraph.

15. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

## FACTUAL ALLEGATIONS

### Background

16. Defendants admit only that ITC contracted with Propeller to purchase online advertising. Defendants deny the remaining allegations of this paragraph.

17. Defendants admit only that ITC purchased CPA advertising from Propeller. Defendants deny the remaining allegations of this paragraph.

18. Defendants admit only that Propeller sells advertising on a bidding based system. Defendants deny the remaining allegations of this paragraph.

19. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

20. Defendants deny the allegations of this paragraph.

21. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

22. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

23. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

**Specific Allegations of Wrongdoing**

24. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

25. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

26. Defendants deny the allegations of this paragraph.

27. Defendants are without sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

28. Defendants admit only that a contract was signed in or about September of 2014 in a form attached to the Complaint, which is also attached hereto as Exhibit 2. That document speaks for itself. Defendants deny the remaining allegations of this paragraph. Defendants specifically deny the allegation or implication that the exhibit contains the only terms and conditions of the agreement between the parties.

29. Defendants deny the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph.

31. Defendants deny the allegations of this paragraph.

32. Defendants deny the allegations of this paragraph.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

39. Defendants deny the allegations of this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42. Defendants deny the allegations of this paragraph.

43. Defendants deny the allegations of this paragraph.

44. Defendants deny the allegations of this paragraph.

45. Defendants deny the allegations of this paragraph.

46. Defendants deny the allegations of this paragraph.

47. Defendants deny the allegations of this paragraph.

48. Defendants deny the allegations of this paragraph.

49. Defendants deny the allegations of this paragraph.

50. Defendants deny the allegations of this paragraph.

51. Defendants deny the allegations of this paragraph.

52. Defendants deny the allegations of this paragraph.

53. Defendants deny the allegations of this paragraph.

### Count I – Common Law Fraud (All Defendants)

54. Defendants hereby incorporate by reference and restate their responses to paragraphs 1-53 as if fully stated herein.

55. Defendants deny the allegations of this paragraph.

56. Defendants deny the allegations of this paragraph.

57. Defendants deny the allegations of this paragraph.

58. Defendants deny the allegations of this paragraph.

## Count II – Fraudulent Misrepresentation (All Defendants)

59. Defendants hereby incorporate by reference and restate their responses to paragraphs 1-58 as if fully stated herein.

60. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

61. Defendants deny the allegations of this paragraph.

62. Defendants deny the allegations of this paragraph.

63. Defendants deny the allegations of this paragraph.

64. Defendants deny the allegations of this paragraph.

## Count III – Negligent Misrepresentation (All Defendants)

65. Defendants hereby incorporate by reference and restate their responses to paragraphs 1-64 as if fully stated herein.

66. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

67. Defendants deny the allegations of this paragraph.

68. Defendants deny the allegations of this paragraph.

69. Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

## Count IV – Breach of Contract (Propeller Ads)

71. Defendants hereby incorporate by reference and restate their responses to paragraphs 1-70 as if fully stated herein.

72. Defendants admit only that a written contract exists between ITC and Propeller. Defendants deny the remaining allegations of this paragraph.

73. Defendants deny the allegations of this paragraph.

74. Defendants deny the allegations of this paragraph.

### Count V – Unjust Enrichment (All Defendants)

75. Defendants hereby incorporate by reference and restate their responses to paragraphs 1-74 as if fully stated herein.

76. This paragraph contains no allegations and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

77. Defendants deny the allegations of this paragraph.

78. Defendants deny the allegations of this paragraph.

79. Defendants deny the allegations of this paragraph.

80. Defendants deny the allegations of this paragraph.

### Count VI – Violation of Florida's Deceptive and Unfair Trade Practices Act (All Defendants)

81. Defendants hereby incorporate by reference and restate their responses to paragraphs 1-80 as if fully stated herein.

82. This paragraph contains a conclusion of law for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

83. This paragraph contains a conclusion of law for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

84. Defendants deny the allegations of this paragraph.

85. Defendants deny the allegations of this paragraph.

## REQUESTED RELIEF

WHEREFORE, Defendants pray for the following relief on the Amended Complaint:

A.      That judgment enter for Defendants and against Plaintiff with respect to the Amended Complaint and that Plaintiff's requested relief be denied in its entirety;

B.      That Defendants be awarded their costs and reasonable attorneys' fees incurred herein; and

C.      For such further relief as the Court deems just and proper.

## GENERAL DENIAL

Each and every allegation of the Amended Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1.      The Amended Complaint is barred, in whole or in part, by the doctrine of laches.

2.      The Amended Complaint is barred, in whole or in part, because any damages to Plaintiff (which Defendants deny) were not the proximate result of Defendants' actions or omissions.

3.      The Amended Complaint is barred, in whole or in part, by Plaintiff's own breach of contract.

4.      The Amended Complaint is barred, in whole or in part, by Plaintiff's unclean hands.

5.      The Amended Complaint is barred, in whole or in part, by Plaintiff's own fraud.

6.      The Amended Complaint is barred, in whole or in part, because Plaintiff has suffered no compensable injury.

7. Plaintiff cannot recover from Defendants to the extent that damages alleged by Plaintiff are speculative or uncertain.

8. Plaintiff cannot recover damages from Defendants to the extent that Plaintiff failed to mitigate its alleged damages.

9. Defendants' alleged actions and omissions were lawful, justified and privileged.

10. To the extent that Plaintiff has any legitimate claims, which Defendants deny, such claims would serve only as a set off against the claims of Defendants against Plaintiff.

11. The Amended Complaint is barred, in whole or in part, because Plaintiff failed to allege fraud with particularity in accordance with Florida law.

12. To the extent Plaintiff states a claim, which Defendants deny, Plaintiff's remedies are limited to the extent there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants for any alleged single wrong.

13. Defendants' reserve the right to contest the jurisdiction of this court in that Plaintiffs alleged activities did not take place in the United States and were not directed to the United States, and are therefore not governed by United States law.

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

For the Counterclaims and Third-Party Complaint in this matter Defendants/Counter-Plaintiffs state as follows:

### PARTIES

1. Counter-Plaintiff Advertising Technologies Ltd. d/b/a "Propeller Ads Media" ("Propeller") is a company incorporated in the British Virgin Islands.

2. Counter-Plaintiff Fastlink Supplies LP ("Fastlink") is a company incorporated in the United Kingdom.

3. On information and belief, Counter-Defendant Installer Technology Co. ("ITC") is a corporation incorporated in Florida. Prior to December 18, 2015, ITC was dissolved, but on December 18, 2015, the corporation was reinstated.

4. On information and belief, Third-Party Defendant Christopher Miseresky ("Mr. Miseresky") is an individual who resides in Florida.

5. On information and belief, Third-Party Defendant Netnucleus USA, Inc. ("NUI") is a corporation incorporated in Florida.

6. ITC, Mr. Miseresky and NUI are herein referred to as "Counter-Defendants."

### FACTUAL BACKGROUND

7. On information and belief, Mr. Miseresky is the Chief Executive Officer and sole shareholder of NUI, and has been so at all relevant times.

8. On information and belief, Mr. Miseresky is the sole director and sole shareholder of ITC, and has been so at all relevant times.

11

9. In or about September of 2014, Mr. Miseresky entered into a binding agreement on behalf of ITC with Propeller whereby Propeller would place advertisements for ITC on the Internet.

10. Pursuant to this agreement, Propeller would show tens of millions of advertisements to internet users, who would then be directed to ITC's website. These advertisements resulted in conversions and revenue to ITC amounting to almost a million dollars.

11. ITC was required to compensate Propeller for these services.

12. A copy of the basic terms of the agreement signed by Mr. Miseresky is attached hereto as Exhibit 2.

13. In addition to the terms set forth in Exhibit 2, the relationship between ITC and Propeller was subject to further terms and conditions.

14. From the beginning of the business relationship, ITC repeatedly failed to make payment on the amounts it owed Propeller.

15. In accordance with the terms of the agreement between the parties, Propeller would invoice ITC on a weekly basis and ITC was required to pay that invoice within 7 days.

16. However, starting in or around November of 2014, ITC began delaying payments on invoices until they were regularly over 45 days late.

17. By March of 2015, ITC was paying invoices 60 days late.

18. For example, ITC did not pay its June 8, 2015 invoice until August 11, 2015.

19. Prior to June of 2015, on at least three occasions ITC failed to make payments at all on outstanding amounts.

20. ITC paid only $16,066.11 out of the due $18,589.97 on the December 8, 2014 invoice (and only paid that amount on January 8, 2015).

21. ITC completely failed to pay the $14,105.32 February 3, 2015 invoice and the $22,741.73 May 18, 2015 invoice.

22. Propeller made multiple requests for payment on these invoices and Mr. Miseresky, as a Director of ITC, told propeller either that the payments were forthcoming or that the payments were made.

23. In reliance on Mr. Miseresky's representations, Propeller continued to provide advertising services to ITC.

24. However, Mr. Miseresky's conduct, actions and representations were false as Mr. Miseresky never actually sent payment, nor, on information and belief, did he intend to do so.

25. Mr. Miseresky continued to claim that the payments were "lost," but these were similarly misrepresentations intended to induce (and which did induce) Propeller to continue providing services from which Mr. Miseresky and ITC were receiving revenue but for which they refused to pay.

26. In the later stages of the relationship between ITC and Propeller, when Counter-Defendants made any payment at all, those payments were made from NUI's accounts.

27. ITC was dissolved on September 25, 2015.

28. On information and belief, NUI is ITC's successor and was created in an attempt to hinder or delay ITC's creditors, including Counter-Plaintiffs.  On further information and belief, NUI conducts the same business as ITC did and has many (if not all) of the same customers and clients.

29. Additionally, given that NUI was making payments on behalf of ITC, that ITC was dissolved and that Mr. Miseresky is the only listed officer/director of both NUI and ITC,

NUI is the successor business to ITC and is responsible for ITC's liabilities, as is Mr. Miseresky personally.

30. By June of 2015, invoicing operations for Propeller were taken over by Fastlink, which sent its first invoice to ITC on June 8, 2015.

31. Although the June 8, 2015 was finally paid partly on August 11, 2015 and partly on September 1, 2015, that was the last payment Counter-Defendants ever made for the services provided by Propeller.

32. Thereafter and through October of 2015, despite regular invoicing by Fastlink for payment on the amounts due, Counter-Defendants failed to make payment as obligated.

33. In response to the multiple requests for payment over many months, Mr. Miseresky repeatedly told Counter-Plaintiffs that payment was forthcoming.

34. In reliance on these continued representations, Propeller continued to provide services to Mr. Miseresky and his companies, making Mr. Miseresky and his companies significant money in the process.

35. Mr. Miseresky's representations, however, were clearly false as he never intended to make any payment thereafter.

36. Mr. Miseresky, ITC, and NUI made these representations solely for the purpose of fraudulently inducing Propeller to continue providing services to Mr. Miseresky and his companies, despite the fact that Counter-Defendants had no intention of paying for those services.

37. To date, Counter-Defendants owe $263,112.99 for services provided by Propeller.

38. Propeller continued to provide its services to Counter-Defendants in reasonable reliance on Mr. Miseresky's representations to Propeller and Fastlink that they would be promptly and properly paid.

## COUNT I – BREACH OF CONTRACT
## PROPELLER AGAINST ITC

39. Propeller repeats, re-alleges and incorporates each and every allegation of the preceding paragraphs as if set forth herein.

40. ITC entered into a contract with Propeller pursuant to which Propeller would provide advertising related services to ITC and ITC would pay Propeller for such services.

41. Propeller complied with all of its obligations pursuant to its contract with ITC.

42. ITC has breached the contract with Propeller by its actions and omissions as described herein, including, without limitation, by failing to make payment on the services provided.

43. Propeller has suffered direct harm and damages resulting from ITC's breaches of the contract, for which ITC is liable.

## COUNT II – UNJUST ENRICHMENT
## AGAINST ALL COUNTER-DEFENDANTS

44. In the alternative, Counter-Plaintiffs hereby assert an equitable claim for unjust enrichment against Counter-Defendants.

45. Counter-Plaintiffs repeat, re-allege and incorporate each and every allegation of the preceding paragraphs as if set forth herein.

46. Counter-Defendants, by their actions, as described above, obtained and/or received services and monies from Counter-Plaintiffs and/or conferred a benefit onto Counter-

Defendants to which they were not entitled, and Defendants have thus been unjustly enriched to the detriment and harm of Counter-Plaintiffs.

47.     By virtue of the foregoing, Counter-Plaintiffs are entitled to an award of damages against Counter-Defendants.

## COUNT III – QUANTUM MERUIT
## AGAINST ALL COUNTER-DEFENDANTS

48.     Counter-Plaintiffs repeat, re-allege and incorporate each and every allegation of the preceding paragraphs as if set forth herein.

49.     Counter-Plaintiffs provided services to Counter-Defendants at the request of Counter-Defendants.

50.     Counter-Defendants knew or reasonably should have known that such services were provided with the expectation that the Counter-Plaintiffs would be paid for the rendering of such services.

51.     Counter-Defendants have failed to pay for the services rendered.

52.     Counter-Plaintiffs have suffered damages as a result of Counter-Defendants' actions.

## COUNT IV – FRAUD/INTENTIONAL MISREPRESENTATION
## AGAINST ALL COUNTER-DEFENDANTS

53.     Counter-Plaintiffs repeat, re-allege and incorporate each and every allegation of the preceding paragraphs as if set forth herein.

54.     Counter-Defendants, jointly and severally, intentionally misrepresented to Counter-Plaintiffs that payments for services rendered by Propeller would be forthcoming.

55. On multiple occasions, Counter-Defendants, jointly and severally, intentionally misrepresented to Counter-Plaintiffs that they would make payment on the outstanding amounts due to Counter-Plaintiffs.

56. Counter-Defendants knew these representations to be false when they made them or made them recklessly without knowledge of truth.

57. Moreover, the fact that Counter-Defendants repeatedly failed to comply with their promises and representations indicate clear intentional misrepresentation and an intent to defraud Counter-Plaintiffs.

58. Counter-Defendants made these representations to Counter-Plaintiffs for the purpose of inducing Propeller to continue to provide services to Counter-Defendants and from holding off on taking legal action.

59. Counter-Plaintiffs justifiably and reasonably relied upon Counter-Defendants' representations that payments would be forthcoming when they continued to provide services and when they refrained from taking further action when Counter-Defendants failed to make payments on outstanding amounts.

60. Counter-Plaintiffs were injured as a direct and proximate result of their reliance on Counter-Defendants' misrepresentations, for which Counter-Defendants are liable.

### COUNT IV – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### COUNTER-PLAINTIFFS AGAINST COUNTER-DEFENDANTS

61. Counter-Plaintiffs repeat, re-allege and incorporate each and every allegation of the preceding paragraphs as if set forth herein.

62. The actions and omissions of Counter-Defendants as set forth herein constitute unfair methods of competition, unconscionable acts or practices, misrepresentations and/or

fraudulent acts and/or unfair acts or practices in the trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act.

63. These actions and omissions proximately caused actual damages to Counter-Plaintiffs for which Counter-Defendants are liable.

**COUNTER-PLAINTIFFS DEMAND A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

**REQUESTED RELIEF**

WHEREFORE, Counter-Plaintiffs pray that this honorable court will award the following:

1. Enter judgment for Counter-Plaintiffs on all Counts of their Counterclaims and Third-Party Complaint;

2. Award Counter-Plaintiffs damages and losses as determined at trial, including, without limitation, actual damages, consequential damages, punitive damages, attorney's fees, multiple damages, treble damages, interest and costs as may be provided by law;

3. Grant Counter-Plaintiffs such other relief as the Court deems just and proper.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcocc@cobbeddy.com

*Attorney for Defendants/Counter-Plaintiffs*

Dated: April 19, 2016

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 19th day of April, 2016.

**Service List**
**1:15-cv-24738-UU**

Avery A. Dial
Fowler White Burnett, P.A.
One Southeast 3rd Avenue
21st Floor
Fort Lauderdale, FL 33394
954-377-8100
954-377-8101 (fax)
adial@fowler-white.com

Aaron Michael Dmiszewicki
Fowler White Burnett, P.A.
One Financial Plaza
100 SE Third Avenue, 21st Floor
Fort Lauderdale, FL 33394
(954) 377-8100
admiszewicki@fowler-white.com