UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company,<br><br>　　　　Defendants.<br><hr>ADVERTISING TECHNOLOGIES LTD., a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,<br><br>　　　　Counterclaimants,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation, CHRISTOPHER MISERESKY, an individual, and NETNUCLEUS USA, INC., a Florida corporation,<br><br>　　　　Counterdefendants and<br>　　　　Third-Party Defendants. | CASE NO. 1:15-cv-24738-UU |

**PLAINTIFF/COUNTER-DEFENDANT/THIRD PARTY DEFENDANTS' MOTION TO DISMISS COUNTS II, III, IV, AND V OF COUNTERCLAIM AND TO DISMISS CHRISTOPHER MISERESKY FROM THE LAWSUIT ENTIRELY**

Plaintiff/Counter-Defendant, INSTALLER TECHNOLOGY CO., and Third Party Defendants CHRISTOPHER MISERESKY, and NETNUCLEUS USA, INC. (collectively, "Movants") by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, Move to

Dismiss Counts II, III, IV, and V[1] of Defendants/Counter-Plaintiffs' Advertising Technologies Ltd. d/b/a Propeller Ads Media and Fastlink Supplies LP (collectively, "Counter-Plaintiffs") Counterclaim, and to Dismiss Third Party Defendant Christopher Miseresky from the lawsuit entirely, and state:

## I. INTRODUCTION

This Counterclaim and Third Party Complaint is a mere tactic to distract the Court from the fraud of the Defendants/Counter-Plaintiffs.  In response to Plaintiff's Complaint, Defendants filed their Answer and Affirmative Defenses, along with a Counterclaim, adding two third party defendants, and putting forth allegations essentially based on an alleged breach of contract. For the reasons further explained below, Defendants/Counter-Plaintiffs' claims, with the exception of their breach of contract claim, fail to state a cause of action for which relief can be granted and/or are insufficiently plead. Further, Defendants/Counter-Plaintiffs' inclusion of Christopher Miseresky as a third party defendant in this action is insufficiently plead, calling for his dismissal from the lawsuit in its entirety.

## II. MEMORANDUM OF LAW

### A.     Motion to Dismiss Standard for Failure to State a Cause of Action

On a Rule 12(b)(6) motion, the allegations of the complaint are accepted as true and plaintiffs are entitled to all reasonable inferences that can be drawn in their favor. *SIG, Inc. v. AT & T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1186 (S.D. Fla. 2013).  Nevertheless, to prevail on a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court is not required to

---

[1] In the Counterclaim/Third-Party Complaint, Counter-Plaintiffs erroneously list their last two claims both as Count IV. The second Count IV will be addressed herein as Count V.

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

accept as true "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In determining whether the allegations state a claim against the Defendants, the Court must consider the exhibits attached to the complaint, which are to be considered part of the pleadings for all purposes. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("The litigant may be defeated by his own evidence, the pleader by his own exhibits."). It is well settled in the Eleventh Circuit that, where there is a conflict between the allegations in the pleading and exhibits attached thereto, the exhibits control. *Id.*; *Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1327 (S.D. Fla. 2008).

**B.   Counts II and III Fail Because of the Undisputed Existence of a Written Contract.**

Count II, for Unjust Enrichment, and Count III for Quantum Meruit, in paragraphs 45 and 48 respectively, repeat, re-allege and incorporate the allegations set forth in the preceding paragraphs, 1-43 of the Counterclaim. At paragraph 9-13 of the Counterclaim, Counter-Plaintiffs describe the existence of, and incorporate by reference, an express contract, the "binding agreement". This makes Counts II and III internally repugnant.[2]  Florida law provides that, where the parties do not dispute the existence of an express contract, a plaintiff may not bring alternative equitable claims for relief. *See Raven v. Lincoln v. Nat'l Life Ins. Co.*, 2011 WL

---

[2] The Florida Supreme Court has held that, "where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on demurrer." *Hoops v. Crane*, 56 Fla. 395, 410-412 (Fla. 1908).  In other words, where a Count is internally repugnant, it basically does not exist.

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

5553837 (S.D. Fla. 2011) (citing *D.H.G. Props., LLC v. The Ginn Cos., LLC,* 2010 WL 5584464 (M.D. Fla. 2010)).

It is well settled in Florida that ". . . a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008); *Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007) ("Defendants correctly state that a plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.") (quoting *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc*., 695 So. 2d 383, 386 (Fla. 4th DCA 1997)). Nor may an unjust enrichment claim be brought for a "contract implied in fact." *Commerce P'ship 8098 Ltd. P'ship*, 695 So. 2d at 386.

It is well settled that where there is an express contract between the parties, claims arising out of that contractual relationship do not support a claim for unjust enrichment. *Moynet v. Courtois,* 8 So. 3d 377, 379 (Fla. 3d DCA 2009)(Count for unjust enrichment failed to state a cause of action where there was an express contract between the parties). It is a fundamental point of contract law that "[t]he law will not imply a contract where a valid express contract exists. *Harding Realty, Inc. v. Turnberry Towers Corp.*, 436 So.2d 983, 984 (Fla. 3d DCA 1983)(no claim for quantum meruit where Plaintiff had express contract with Defendant). In a *per curiam* opinion issued by the First District Court of Appeal in 2008 in *Diamond "S" Dev. Corp v. Mercantile Bank,* the Court reversed final judgments entered against appellants for unjust enrichment, based on the following pertinent analysis:

> In these consolidated appeals, appellants seek review of final judgments entered against them for unjust enrichment. Florida courts have held that a plaintiff cannot pursue a quasi-contract

- 4 -

>claim for unjust enrichment if an express contract exists concerning the same subject matter. *Ocean Commc'ns, Inc. v. Bubeck,* 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007); *Kovtan v. Frederiksen,* 449 So. 2d 1 (Fla. 2d DCA 1984). *Accord Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.,* 899 So. 2d 1222, 1227 (Fla. 1st DCA 2005). We agree that appellee's unjust enrichment claim was precluded by the existence of an express contract between the parties concerning the same subject matter.

989 So. 2d 696.

Counts II and III of the Counterclaim, as pleaded, are precluded by the existence of the agreement between the parties. If indeed, Plaintiff conferred a benefit that Defendants accepted, then it was pursuant to the Agreement, the breach of which was already alleged in paragraphs 39-43. The allegations of Counts II and III, by incorporating the entire prior portions of the Counterclaim, concern "the same subject matter" as the Breach of Contract allegations. Counts II and III fail to state a cause of action for Unjust Enrichment and for Quantum Meruit, and should be dismissed.

**C.     Counts IV and V Fail Because Allegations of Future Fraud Are Not Actionable**

Counts IV and V of the Counterclaim allege, respectively, Fraud/Intentional Misrepresentation, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Counter-Plaintiffs fail to state a claim for either count because this Court does not recognize fraud for future actions.

In order to state a claim for fraud under Florida law, the claim must be plead with particularity. Fed. R. Civ. P. 9(b). "Under Florida law, the essential elements of a claim for fraudulent misrepresentation include: 1) a false statement concerning a specific material fact; 2) a showing that the representer knew, or should have known, that the representation was false; 3)

- 5 -

an intention that the representation induce another to act on it; and 4) consequent injury to the party acting in justifiable reliance on the representation." *Citibank, N.A. v. Data Lease Fin. Corp.,* 828 F.2d 686, 695 (11th Cir. 1987).

To constitute actionable fraud, a false representation must relate to an existing or pre-existing fact. *Cavic v. Grand Bahama Development Company, Ltd.,* 701 F.2d 879, 883 (11th Cir.1983); *Sleight v. Sun and Surf Realty, Inc.,* 410 So.2d 998 (Fla. 3rd DCA 1982). A false statement amounting to a promise to do something in the future is not actionable fraud. *Royal Typewriter Co. Xerographic Supplies Corp.*, 719 F.2d 1103, 1104 (11th Cir. 1983). Promises of future performance are not actionable even if the promise induces another to enter into a contract. *Royal Typewriter Co.,* 719 F.2d at 1104; *Stoler v. Metropolitan Life Insurance Co.*, 287 So.2d 694, 695 (Fla. 3rd DCA 1974).

A claim for FDUTPA has three elements: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Bookworld Trade Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007) (denying a motion for summary judgment as to the FDUTPA claim as the defendant did not present any precedent supporting an argument that failure to pay pursuant to a contract, by it self, constituted unfair and deceptive trade practices). A count for FDUTPA must, on its face, plead conduct that is unconscionable, unfair, or deceptive, and must not merely state a legal conclusion. *Wrestlereunion, LLC v. Live Nation Television Holdings, Inc.* 2008 WL 3048859 (M.D. Fla. 2008) (dismissing a claim for violation of FDUTPA because the count, as pled, did not state a cause of action but merely stated a legal conclusion).

Counter-Plaintiffs' allegations in Count IV, for Fraud/Intentional Misrepresentation do not relate to existing facts, but rather to future acts. Paragraph 54 of the Counterclaim specifically alleges misrepresentation as to payments that "would be forthcoming". Paragraph 55

goes on to allege misrepresentations that Movants "would make payment." Finally, paragraph 59 indicates reliance based on actions that "would be forthcoming". As supported above, an action for fraud does not arise out of a promise to do something in the future, even if that promise induces the entering into of a contract. Further, Count V, the FDUTPA claim, merely pleads that the actions and omissions constitute violations of FDUTPA, without any further detail as to how the actions and omissions caused actual damages. Based on the foregoing, Counts IV and V fail to state a cause of action for fraud or for a violation of FDUTPA, and should be dismissed.

> **D.     Third Party Defendant Christopher Miseresky Should Be Dismissed From the Lawsuit Entirely Because the Pleadings Implicating Him Are Insufficient**

Counter-Plaintiffs have failed to sufficiently plead the elements required in order to include Third Party Defendant, Chrisopher Miseresky ("Mr. Miseresky"), in the Counterclaim. Mr. Miseresky was distinct from the legal entities, Installer Technology Co. and Netnucleus USA, Inc., and those corporate entities were lawfully maintained.

In order to "pierce the corporate veil", and hold an individual liable for the actions of a corporation, three factors must be proven: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Eckhardt v. U.S.*, 463 Fed. Appx. 852, 856 (11th Cir. 2012) (citing *Gasparini v. Pordomingo*, 972 so. 2d 1053, 1055 (Fla. 3d DCA 2008)) Further, even if the corporation is an alter ego of the individual, the corporate veil cannot be pierced if the corporate entity was lawfully maintained. *Gasparini*, 715 So. 2d at 1055. The corporate veil can be pierced if it is proven that the corporation is a "mere instrumentality or alter

- 7 -

ego" of the individual. *Oginsky v. Paragon Properties of Costa Rica, LLC*, 78 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011) (citing *XL Vision, LLC v. Holloway*, 856 So. 2d 1066 [Fla. 5th DCA 2003]).

In this case, Counter-Plaintiffs fail to sufficiently plead mere instrumentality or alter-ego liability. They are required to plead that Mr. Miseresky dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation. Counter-Plaintiffs fail to plead alter-ego liability as to Mr. Miseresky, and he should be dismissed from the lawsuit entirely.

WHEREFORE, Movants asking this Honorable Court to: 1) dismiss counts II, III, IV and V of the Counterclaim for failing to state a claim for which relief can be granted; and (2) dismiss Third Party Defendant Christopher Miseresky from the lawsuit entirely for Counter-Plaintiffs' failure to sufficiently plead alter-ego liability; and (3) for such further relief as this Court deems just and proper.

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Avery A. Dial_____
      Avery A. Dial

Respectfully submitted,

/s/ Avery A. Dial
Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:   (954) 377-8101

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

## SERVICE LIST

CASE NO. 1:15-cv-24738

Brady J. Cobb, Esq.
Cobb Eddy, PLLC
642 NE Third Avenue
Ft. Lauderdale, FL 33304
E-Mail: bcobb@cobbeddy.com
Telephone: (954) 527-4111
Facsimile: (954) 900-5507
***Attorney for FASTLINK and PROPELLER ADS***

4817-6796-1393, v.  1

- 10 -