UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

INSTALLER TECHNOLOGY CO., a Florida corporation,

    Plaintiff,

v.

ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company,

    Defendants.

ADVERTISING TECHNOLOGIES LTD., a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,

    Counterclaimants,

v.

INSTALLER TECHNOLOGY CO., a Florida corporation, CHRISTOPHER MISERESKY, an individual, and NETNUCLEUS USA, INC., a Florida corporation,

    Counterdefendants and
    Third-Party Defendants.

CASE NO. 1:15-cv-24738-UU

## ITC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Plaintiff/Counter-Defendant, INSTALLER TECHNOLOGY CO. ("ITC") by and through undersigned counsel, hereby file this Answer and Affirmative Defenses to the Defendants' Counterclaim/Third-Party Complaint [D.E. 28] (the "Counterclaim"), and state as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted that ITC is a corporation incorporated in Florida. Otherwise, denied as phrased. ITC had been administratively dissolved for not filing an annual report on time, but has been reinstated. It was not dissolved at any point during the business relationship with Propeller Ads.

4. This paragraph contains only allegations with respect to Third-Party Defendant Christopher Miseresky, and no response by ITC is required. However, to the extent a response is necessary, ITC denies the allegations contained within this paragraph and demands strict proof thereof.

5. This paragraph contains only allegations with respect to Third-Party Defendant NetNucleus USA, Inc., and no response by ITC is required. However, to the extent a response is necessary, ITC denies the allegations contained within this paragraph and demands strict proof thereof.

6. This paragraph does not constitute an allegation against any of the ITC and does not require a response. However, to the extent a response is necessary, ITC denies any allegations contained within this paragraph and demand strict proof thereof.

## FACTUAL BACKGROUND

7. Admitted.

8. Admitted.

9. Denied as phrased.

10. Denied.

- 2 -

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

11. Denied as phrased.

12. This paragraph does not constitute an allegation against ITC and does not require a response. However, to the extent a response is necessary, document speaks for itself.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. ITC is without complete information, denies the allegations contained within this paragraph and demands strict proof thereof.

24. Denied.

25. Denied.

26. Denied as phrased.

27. ITC had been administratively dissolved for not filing an annual report on time, but has been reinstated. It was not dissolved at any point during the business relationship with Propeller Ads. Otherwise denied.

28. Denied.

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

29. This paragraph constitutes a conclusion of law to which no response is required. However, to the extent a response is required, ITC denies the allegations of this paragraph and demand strict proof thereof.

30. ITC is without complete information, denies the allegations contained within this paragraph and demands strict proof thereof.

31. Denied as phrased.

32. Denied as phrased.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. ITC is without complete information, denies the allegations contained within this paragraph and demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT
## PROPELLER AGAINST ITC

39. ITC repeats, realleges, and incorporates each any every response from the preceding paragraphs as if set forth herein.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

## COUNT II – UNJUST ENRICHMENT
## AGAINST ALL COUNTER-DEFENDANTS

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

44.     This paragraph does not constitute an allegation against ITC and does not require a response. However, to the extent a response is necessary, ITC denies the allegations of this paragraph and demands strict proof thereof.

45.     ITC repeats, realleges, and incorporates each any every response from the preceding paragraphs as if set forth herein.

46.     Denied.

47.     Denied.

### COUNT III – QUANTUM MERUIT
### AGAINST ALL COUNTER-DEFENDANTS

48.     ITC repeats, realleges, and incorporates each any every response from the preceding paragraphs as if set forth herein.

49.     Denied as phrased.

50.     Denied as phrased.

51.     Denied as phrased.

52.     Denied.

### COUNT IV – FRAUD/INTENTIONAL MISREPRESENTATION
### AGAINST ALL COUNTER-DEFENDANTS

53.     ITC repeats, realleges, and incorporates each any every response from the preceding paragraphs as if set forth herein.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

59. Denied.

60. Denied.

**COUNT V – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**COUNTER-PLAINTIFFS AGAINST COUNTER-DEFENDANTS[1]**

61. ITC repeats, realleges, and incorporates each any every response from the preceding paragraphs as if set forth herein.

62. Denied.

63. Denied.

**REQUESTED RELIEF**

WHEREFORE, ITC requests the following relief with respect to the Counterclaim:

A. That judgment enter in favor of ITC and against the Counterclaimants with respect to the Counterclaim and that the Counterclaimant's requested relief be denied in its entirety;

B. That judgment enter in favor of the ITC on its Amended Complaint;

C. That ITC be awarded its costs and reasonable attorneys' fees incurred herein; and

D. For such further relief that this Court deems just and appropriate under the circumstances.

**GENERAL DENIAL**

ITC hereby denies each and every allegation of the Counterclaim not specifically admitted and demands strict proof thereof.

---

[1] In the Counterclaim/Third-Party Complaint, Propeller Ads and Fastlink erroneous listed this claim as Count IV. It has been corrected numbered Count V here.

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

## AFFIRMATIVE DEFENSES

1. The Counterclaim is barred, in whole or in part, by the Counterclaimants' own breach of contract.

2. The Counterclaim is barred, in whole or in part, by the Counterclaimants' unclean hands.

3. The Counterclaim is barred, in whole or in part, by the Counterclaimants' own fraud.

4. Propeller Ads and Fastlink cannot recover from Counterdefendants to the extent that the damages alleged are speculative or uncertain.

5. Propeller Ads and Fastlink cannot recover damages from Counterdefendants to the extent they failed to mitigate their alleged damages.

6. Counterclaimants have failed to state a cause of action for which relief can be granted, because ITC paid the Counterclaimants everything to which they were entitled.

7. Count II (Unjust Enrichment) and Count III (Quantum Meruit) repeat, re-allege and incorporate the allegations set forth in the preceding paragraphs, 1-43 of the Counterclaim. At paragraph 9-13 of the Counterclaim, Counter-Plaintiffs describe the existence of, and incorporate by reference, an express contract, the "binding agreement". This makes Counts II and III internally repugnant.[2] Florida law provides that, where the parties do not dispute the existence of an express contract, a plaintiff may not bring alternative equitable claims for relief. *See Raven*

---

[2] The Florida Supreme Court has held that, "where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on demurrer." *Hoops v. Crane*, 47 So. 992, 997 (Fla. 1908). In other words, where a Count is internally repugnant, it basically does not exist.

- 7 -

v. *Lincoln v. Nat'l Life Ins. Co.*, No. 07-23137-CIV, 2011 WL 5553837 (S.D. Fla. Nov. 15, 2011) (citing *D.H.G. Props., LLC v. Ginn Cos., LLC*, No. 3:09-cv-735-J-34JRK, 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010)).

8.   Counts IV and V of the Counterclaim allege, respectively, Fraud/Intentional Misrepresentation, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Counter-Plaintiffs fail to state a claim for either count because this Court does not recognize fraud for future actions. A false statement amounting to a promise to do something in the future is not actionable fraud. *Royal Typewriter Co. Xerographic Supplies Corp.*, 719 F.2d 1103, 1104 (11th Cir. 1983). Promises of future performance are not actionable even if the promise induces another to enter into a contract. *Royal Typewriter Co.,* 719 F.2d at 1104; *Stoler v. Metropolitan Life Insurance Co.*, 287 So.2d 694, 695 (Fla. 3rd DCA 1974).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/ Avery A. Dial
                                                Avery A. Dial


                              Respectfully submitted,


                              s/ Avery A. Dial
                              Avery A. Dial
                              Fla. Bar No. 732036
                              Email: adial@fowler-white.com

                              Aaron M. Dmiszewicki
                              Fla. Bar No. 111455
                              Email: admiszewicki@fowler-white.com

                              FOWLER WHITE BURNETT, P.A.
                              One Financial Plaza, Suite 2100
                              100 Southeast Third Avenue
                              Fort Lauderdale, Florida 33394
                              Telephone:   (954) 377-8100
                              Facsimile:   (954) 377-8101

CASE NO. 1:15-cv-24738-UU

## SERVICE LIST

CASE NO. 1:15-cv-24738

Brady J. Cobb, Esq.
Cobb Eddy, PLLC
642 NE Third Avenue
Ft. Lauderdale, FL 33304
E-Mail: bcobb@cobbeddy.com
Telephone: (954) 527-4111
Facsimile: (954) 900-5507
Attorney for Fastlink and Propeller Ads

4811-9379-9472, v.  1

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100