UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company,<br><br>    Defendants.<br><hr>ADVERTISING TECHNOLOGIES LTD., a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,<br><br>    Counterclaimants,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation, CHRISTOPHER MISERESKY, an individual, and NETNUCLEUS USA, INC., a Florida corporation,<br><br>    Counterdefendants and<br>    Third-Party Defendants. | CASE NO. 1:15-cv-24738-UU |

**UNOPPOSED MOTION TO SET ASIDE ORDER TO FILE MOTION FOR DEFAULT JUDGMENT**

Counterdefendant, INSTALLER TECHNOLOGY CO. ("ITC"), Third-Party Defendant, CHRISTOPHER MISERESKY ("Miseresky"), and Third-Party Defendant, NETNUCLEUS USA, INC. ("NetNucleus") (collectively, the "Counterdefendants"), by and through undersigned

counsel, hereby file this Motion to Set Aside Default Judgment, and in support thereof state as follows:

1. On April 19, 2016, Defendants Advertising Technologies Ltd. d/b/a Propeller Ads Media ("Propeller Ads") and Fastlink Supplies LP ("Fastlink") filed their Answer and Affirmative Defenses. [D.E. 28].

2. Included in the Answer was a Counterclaim/Third-Party Complaint (the "Counterclaim") against ITC, Miseresky, and NetNucleus.

3. Pursuant to Fed. R. Civ. P. 12(a)(1)(B), a party must serve an answer to a counterclaim within 21 days after being served with the counterclaim.

4. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must also serve an answer within 21 days of being served with a summons and complaint.

5. Fed. R. Civ. P. 6(d) sets forth the mechanism for calculating time under the Federal Rules of Civil Procedure.

6. Rule 6(d) provides that "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), **3 days are added after the period would otherwise expire under Rule 6(a).**" (emphasis added).

7. Fed. R. Civ. P. 5(b)(2)(E) allows parties to serve documents electronically—which includes via CM/ECF.

8. Thus, reading Rules 5, 6, and 12 together, the ITC's answer was due on May 13, 2016, not May 10.

9. Counsel for Defendants requested the undersigned to accept service of process on behalf of Miseresky and NetNucleus on April 27, 2016, which the undersigned agreed to on May

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

9. Pursuant to Fed. R. Civ. P. 4(d)(3), this gave Miseresky and NetNucleus until June 27, 2016 to file a responsive pleading.

10. ITC filed its Answer and Affirmative Defenses on May 13. [D.E. 34].

11. All of the Counterdefendants filed a Motion to Dismiss, also on May 13. [D.E. 33].

12. Thus, each of the Counterdefendants timely responded to the Counterclaim, and are not in default.

13. Furthermore, even if the Counterdefendants *were* late in filing their responses, the Counterdefendants entered a responsive pleading before either the Court entered its order or the Defendants filed their own motion for default. *See, e.g.*, *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("[T]he lateness of the filing of the Rule 12 motion is irrelevant because the Defendants' motion was filed before the Plaintiff's Motion for Default Judgment. At the time the Plaintiff moved for default judgment, Defendants were no longer in default. Their filing, however late, cured their default and thereafter entry of default would not be appropriate.").

14. Finally, once again, even if the Counterdefendants *were* late in filing their responses, their actions to date manifestly indicate an intention to defend. *Luxottica Retail N. Am., Inc. v. George L. Haffner Enters., Inc.*, No. 8:11-cv-2433-T-23TBM, 2011 WL 6319403, at *2 (M.D. Fla. Dec. 16, 2011) ("To avoid default, a defendant must either take steps to file a timely responsive pleading **or** take some action that indicates an intention to defend the lawsuit.") (internal quotations omitted, emphasis added). The allegations in the Counterclaim essentially mirror the claims asserted by ITC in the First Amended Complaint. The issues to be litigated are virtually the same. Thus, the allegations of the First Amended Complaint demonstrate the Counterdefendants' intent to defend this action.

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

**MEMORANDUM OF LAW**

Default judgments are generally disfavored because there is strong public policy in favor of deciding cases on their merits. *Surtain v. Hamlin Terrace Foundation*, 789 F. 3d 1239, 1244-45 (11th Cir. 2015). As a result, any doubts as to the propriety of a default are usually resolved against the party seeking such a judgment. *See In re Worldwide Web Sys., Inc.*, 328 F. 3d 1291, 1295 (11th Cir. 2003). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F. 3d 1309, 1316-17 (11th Cir. 2003).

An entry of default is not proper when a party makes an appearance by defending the action or filing a timely responsive pleading. Pursuant to Federal Rules 5, 6, and 12, ITC's' response to the Counterclaim was due on May 13, 2016 and Miseresky and NetNucleus's responses were due on June 27. The Counterdefendants timely filed responses to the Counterclaim on May 13, 2016. Therefore, there is no default.

Furthermore, even if the Counterdefendants *were* late in filing their responses, the Counterdefendants entered a responsive pleading before either the Court entered its order or the Defendants filed their own motion for default. *See, e.g.*, *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("[T]he lateness of the filing of the Rule 12 motion is irrelevant because the Defendants' motion was filed before the Plaintiff's Motion for Default Judgment. At the time the Plaintiff moved for default judgment, Defendants were no longer in default. Their filing, however late, cured their default and thereafter entry of default would not be appropriate."). Other courts have reached this conclusion as well, based on their exercise of discretion. *See U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Carwile v.*

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

*Ray*, 481 F. Supp. 33, 35 (E.D. Wash. 1979). Even if the Counterdefendants' answers *were* due on May 10, there was plainly no prejudice to the Defendants by filing an answer three days late.

Additionally, a district court should not enter a default judgment where the pleadings themselves lack a sufficient basis for a default to be entered. *See Surtain*, 789 F.3d at 1245. The currently pending Motion to Dismiss [D.E. 33] demonstrates that Counterdefendants asserted a position that Propeller Ads and Fastlink have failed to sufficiently plead the causes of action they assert. Because a default judgment cannot stand on a complaint that fails to state a claim, default is improper, even assuming *arguendo* that the Counterdefendants' responses were late—which they were not.

Finally, even if the Counterdefendants *were* late in filing their responses, their actions to date manifestly indicate an intention to defend. *Luxottica Retail N. Am., Inc. v. George L. Haffner Enters., Inc.*, No. 8:11-cv-2433-T-23TBM, 2011 WL 6319403, at *2 (M.D. Fla. Dec. 16, 2011) ("To avoid default, a defendant must either take steps to file a timely responsive pleading or take some action that indicates an intention to defend the lawsuit.") (internal quotations omitted). The allegations in the Counterclaim essentially mirror the claims asserted by ITC in the First Amended Complaint. The issues to be litigated were virtually the same. Thus, the allegations of the First Amended Complaint demonstrate the Counterdefendants' intent to defend this action.

## **CONCLUSION**

In conclusion, the Court's Default Order [D.E. 35] should be set aside because the Counterdefendants timely responded to the Counterclaim. Additionally, the Counterdefendants cured their default before either the Court or the Defendants took any action. Furthermore, a default judgment cannot be entered on a complaint that fails to state a claim. Finally, the record

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

thus far indicates a manifest intention by the Counterdefendants to defend the action. A penalty as severe as default under such circumstances, considering the strong public policy in favor of hearing cases on their merits, is improper.

WHEREFORE, ITC, Miseresky, and NetNucleus respectfully request that this Court set aside its Order of Default [D.E. 35] and grant any such further relief that it deems just and appropriate under the circumstances.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), I hereby certify that the undersigned counsel has conferred with all parties who may be affected by the relief sought, and that such parties **do not object** to the relief sought.

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Avery A. Dial<br>Avery A. Dial

Respectfully submitted,

/s/ Avery A. Dial
Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:   (954) 377-8101

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

- 8 -

## SERVICE LIST

CASE NO. 1:15-cv-24738

Brady J. Cobb, Esq.
Cobb Eddy, PLLC
642 NE Third Avenue
Ft. Lauderdale, FL 33304
E-Mail: bcobb@cobbeddy.com
Telephone: (954) 527-4111
Facsimile: (954) 900-5507
Attorney for FASTLINK SUPPLIES LP, a foreign limited partnership

4836-9977-0161, v. 1

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100