UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign limited company, and<br>FASTLINK SUPPLIES LP, a foreign limited company,<br><br>    Defendants. | Case No.<br>1:15-cv-24738-UU<br><br>COUNTER-PLAINTIFFS' PARTIAL MOTION TO RESCONSIDER REGARDING MOTION TO DISMISS |
| ADVERTISING TECHNOLOGIES LTD., a foreign limited company, and<br>FAST LINK SUPPLIES LP, a foreign limited company,<br><br>    Counter-Plaintiffs,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation,<br>CHRISTOPHER MISERESKY, an individual, and<br>NETNUCLEUS USA, INC., a Florida corporation,<br><br>    Counter-Defendants and<br>    Third-Party Defendants. | **HEARING REQUESTED** |

1

Despite having itself pled claims for **both** Breach of Contract and Quantum Meruit in its own Complaint, Plaintiff moved to dismiss the Counterclaims sounding in Quantum Meruit and Unjust Enrichment (pled in the alternative by Counterclaim-Plaintiffs), arguing that such claims cannot be pled alongside a Breach of Contract claim (precisely as it has itself done). Both as a matter of fact and law, the Plaintiff's argument was incorrect.[1] Accordingly, Counter-Plaintiffs Advertising Technologies Ltd. ("Advertising Tech") and Fast Link Supplies LP ("Fast Link"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 59(e) hereby respectfully move for this court to partially reconsider[2] its order on Counter-Defendant Installer Technology Co. ("Installer Tech") and Third Party Defendants Christopher Miseresky ("Mr. Miseresky") and NetNucleus USA, Inc.'s ("Netnucleus," and together with Installer Tech and Mr. Miseresky, the "Counter-Defendants") Motion to Dismiss Counts II, III, IV and V of Counter-Plaintiffs' Counterclaim and Third Party Claims and to Dismiss Mr. Miseresky from the lawsuit entirely.

## I.  Introduction

As an initial matter, undersigned counsel apologizes once more for his failure to comply with the Court's deadline to Oppose Counter-Defendants' Motion to Dismiss for the reasons set forth in Docket Entry Number 40. Counter-Plaintiffs further acknowledge the Court's order on that Motion and seek to shortly amend the Counterclaims and Third-Party Claims as they relate to Counts IV and V and against Mr. Miseresky generally, pursuant to the leave granted by the Court's Order. *See* Docket No. 41. However, in relation to the Court's Order on Count II and III, Counter-Plaintiffs seek the Court's reconsideration of the matters therein as the law and the facts as alleged both by Counter-Plaintiffs and by Installer Tech support a finding that Counter-Plaintiffs' claims for unjust enrichment and quantum meruit should be permitted move forward. Counter-Plaintiffs also seek to bring to the Court's attention the required effect the Court's ruling would have on Installer Tech's own Complaint. Therefore, prior to filing an Amended Counterclaims and Third-Party claim including those two causes of action, Counter-Plaintiffs desire the Court's reconsideration and action based on the following:

---

[1] Unfortunately, as the result of an inadvertent error by counsel, the Court did not have the benefit of the Counter-Plaintiffs' opposition prior to issuing its ruling on Plaintiff's motion.

[2] Counter-Plaintiffs seek only for reconsideration of the dismissal of their claims for Quantum Meruit and Unjust enrichment. With respect to the other Counts dismissed by the Court, Counter-Plaintiffs will file amended Counterclaims and Third Party Claims, as the Court gave leave for them to do.

**II**.     **Memorandum of Law**

    A.     Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure is the procedural vehicle for a post-judgment motion for reconsideration. *See* Allaben v. Howanitz, 579 Fed. Appx. 716, 719 (11th Cir. 2014). A Rule 59(e) motion may be granted based on newly discovered evidence or manifest errors of law or fact. *Id.* (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). Courts have also characterized the grounds for a Rule 59(e) motion as threefold: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent "manifest injustice." Bowe v. Public Storage, ___F.Supp.3d ___, 2015 WL 3440418 at *20 (S.D. Fla. 2015); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). The motion may not be used to rehash arguments previously made. Allaben, 579 Fed. Appx. at 719.

    B.     Unjust Enrichment and Quantum Meruit Were Plead in the Alternative Based on a Dispute as to the Existence of a Contract and Also Against Persons Not Parties to the Possible Contract

Counter- and Third-Party Defendants argue that Counter-Plaintiffs' causes of action for Unjust Enrichment and Quantum Meruit must be dismissed against all Counter- and Third-Party Defendants because a contract exists between Advertising Tech and Installer Tech only. Preliminarily, even if this argument was sufficient enough to dismiss any claims, it would have zero relevance to Advertising Tech's claims for Unjust Enrichment and Quantum Meruit against Mr. Miseresky and Netnucleus or Fast Link's claims for Unjust Enrichment and Quantum Meruit against Installer Tech, Mr. Miseresky, and Netnucleus. *See*, *e.g.*, Rushing v. Wells Fargo Bank, N.A., 752 F.Supp.2d 1254, 1265 (M.D. Fla. 2010) ("The County's reliance on *Williams v. Bear Stearns & Co.* [for the proposition that a motion to dismiss an unjust enrichment claim is premature] is misplaced, because in that case the plaintiff did not have a contract with some of the defendants.")[3]; Williams v. Bear Stearns & Co., 725 So.2d 397, 400 (Fla. 5th DCA 1998) ("NHL did not have a contract with Ramsey, Ramirez, or Franklin. Hence, the unjust enrichment claims were improperly dismissed as to Ramsey and Ramirez."); Venerus v. Avis

---

[3] Counter-Plaintiffs note that this case was cited within the same paragraph from the case referenced by Counter-Defendants for their proposition that "a plaintiff may not bring alternative equitable claims for relief." *See* Raven v. Lincoln Nat. Life Ins. Co., 2011 WL 5553837 *7 (S.D. Fla. 2011).

Budget Car Rental, LLC, 2014 WL 4092323 *5 (M.D. Fla. 2014) (cause of action for unjust enrichment against party where there was no admission of a written agreement survives motion for summary judgment).

Therefore, to the extent that Counter- and Third-Party Defendants' arguments apply at all, they apply only to Advertising Tech's claims against Installer Tech. Even if this were not the case, however, the claims for quantum meruit and unjust enrichment should not have been dismissed as they (and the contract count) were plead in the alternative.

In its Amended Complaint, Installer Tech challenges the validity of the contract between the parties, alleging, for example, that Installer Tech entered into the Agreement with Advertising Tech as a result of its reliance on "false information from the Defendants regarding the billing process…" Amended Complaint, ¶ 64. Because Installer Tech disputes the validity and enforceability of the contract in its own complaint, Advertising Tech's Counterclaims – pled in the alternative – are properly pled. See, e.g., Samana Inc. v. Lucena, 2016 U.S. Dist. LEXIS 4860, 2-3 (S.D. Fla. Jan. 4, 2016) ("Defendants have also moved to dismiss Count IV, a claim for unjust enrichment. Defendants contend that the unjust enrichment claim must be dismissed because Plaintiff has asserted that an express contract exists.… Rule 8 of the Federal Rules of Civil Procedure specifically authorizes a plaintiff to plead causes of action in the alternative, and Florida courts have found that a party may plead in the alternative the existence, and breach, of an express contract and an unjust enrichment claim.… This is in part because 'it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails.'"); Martorella v. Deutsche Bank Nat'l Trust Co., 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013) ("[A] party may plead in the alternative for relief under an express contract and for unjust enrichment.… But unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." (numerous citations omitted)); Sekula v. Residential Credit Solutions, Inc., 2016 U.S. Dist. LEXIS 51636 (M.D. Fla. Apr. 18, 2016) ("A plaintiff may plead in the alternative for relief under an express contract and for unjust enrichment, but only where one of the parties asserts that the contract governing the dispute is invalid."); Binion v. O'Neal, 2016 U.S. Dist. LEXIS 2906 (S.D. Fla. Jan. 11, 2016) ("As unjust enrichment is an equitable remedy, a plaintiff may not prevail upon the claim if he has an adequate remedy at law. But the claim may be pleaded in the alternative."); Yellow Telescope, LLC v. Miller, 2015 U.S. Dist. LEXIS 120536 (S.D. Fla. Sept.

4

10, 2015) ("Defendant argues that Plaintiff's claims for unjust enrichment and quantum meruit fail because Plaintiff has an adequate remedy at law — as evidenced by its breach of contract claim. However, plaintiffs are not prohibited from filing claims in the alternative.").

In addition to the foregoing, the Eleventh Circuit has held that equitable causes of action like unjust enrichment and quantum meruit should be permitted to proceed beyond motions to dismiss, even if there is potentially a contract between the parties. As this Court recently explained:

> Defendant further contends that Count IV should be dismissed because unjust enrichment is an equitable claim, and Plaintiff has an adequate remedy at law. The Eleventh Circuit recently addressed this issue in *State Farm Mutual Insurance Company v. Physicians Injury Care Center, Inc.*, stating that:
>
>> It is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist. *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. 5th DCA 1998). However, that rule does not apply to unjust enrichment claims. *Id.* "It is only upon a showing that an express contract exists [between the parties] that the unjust enrichment ... count fails." *Id.* Thus, to the extent that [the plaintiff] did have adequate legal remedies, those remedies did not bar its unjust enrichment claim.
>
> 427 F.App'x 714, 722 (11th Cir. 2011). Therefore, until an express contract is proved, Defendant's motion to dismiss Count IV with prejudice is premature. Moreover, as Plaintiff points out, the Federal Rules permit a party to plead alternative legal and equitable theories for recovery. *See* Fed.R.Civ.P. 8(a)(3). Thus, "while a plaintiff may not recover under both legal and equitable theories, there is no basis for dispensing with Plaintiff's unjust enrichment claim at the motion to dismiss stage. *Muzuco v. Re $ubmitIt, LLC*, No. 11–62628–CIV–SCOLA, 2012 U.S. Dist. LEXIS 110373, at *22, 2012 WL 3242013 (S.D. Fla. Aug. 7, 2012).

<u>Kurhu v. Vital Pharmaceuticals, Inc.</u>, 2013 WL 4047016 *8-9 (S.D. Fla. 2013).

Finally, it must be noted again that even the Plaintiff does not believe its own argument. In its Amended Complaint, Installer Tech itself brought counts for both Breach of Contract and Quantum Meruit, presumably because it understood also that it was making arguments that the contract between the parties was invalid. The Plaintiff cannot have it both ways.

### III.    Conclusion

For the reasons stated hereinabove, Counter-Plaintiffs respectfully request that the Court reconsider its Order dismissing Counts II and III of the Counterclaims and instead deny Counter-

Defendant's Motion To Dismiss (D.E. 38) Counts II and III of the Counterclaim, and for such other relief as this Court deems just and proper.

### Certificate of Compliance with Local Rule 7.1(a)(3)

Undersigned counsel has conferred with counsel for Counter-Defendants and Third-Party Defendants who have advised that they object to the relief sought herein.

### Request for Hearing

Pursuant to Local Rule 7.1(b)(2), Counter-Plaintiffs hereby request an oral argument of the matters in the above.  A hearing is desired in order to fully explain the nature of Counter-Plaintiffs' claims (particularly in light of Plaintiff's claims) and the undersigned believes that the Court would be best served with oral arguments regarding the same.  The undersigned estimates that a hearing on this Motion and the issues relevant thereto would take approximately 20 minutes.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcocc@cobbeddy.com

*Attorney for Defendants/Counter-Plaintiffs*

Dated: May 27, 2016

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 27th day of May, 2016.

**Service List**
**1:15-cv-24738-UU**

Avery A. Dial
Fowler White Burnett, P.A.
One Southeast 3rd Avenue
21st Floor
Fort Lauderdale, FL 33394
954-377-8100
954-377-8101 (fax)
adial@fowler-white.com

Aaron Michael Dmiszewicki
Fowler White Burnett, P.A.
One Financial Plaza
100 SE Third Avenue, 21st Floor
Fort Lauderdale, FL 33394
(954) 377-8100
admiszewicki@fowler-white.com