UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24738-UU

INSTALLER TECHNOLOGY, CO.,

    Plaintiff,

v.

ADVERTISING TECHNOLOGIES LTD., *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Counter-Plaintiffs' Partial Motion to Reconsider Regarding Motion to Dismiss.  D.E. 44.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

On April 19, 2016, Counter-Plaintiffs, Propeller and Fastlink, filed their Counterclaim against ITC and the Third-Party Complaint against Miseresky and Netnucleus, alleging the following claims: (1) Breach of Contract against ITC; (2) Unjust Enrichment against all Counter-Defendants; (3) Quantum Meruit against all Counter-Defendants; (4) Fraudulent/Intentional Misrepresentation against all Counter-Defendants; and (5) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against all Counter-Defendants.  D.E. 28.  On May 13, 2016, Plaintiff/Counter-Defendant/Third-Party Defendants, filed their Motion to Dismiss Counts II, III, IV, and V of Counterclaim and to Dismiss Christopher Miseresky from the Lawsuit Entirely.  D.E. 33.  On May 24, 2016, this Court granted Counter-Defendants' Motion, providing Counter-Plaintiffs with leave to amend its Counterclaim/Third-Party Complaint.  D.E. 41.  On

May 31, 2016, Counter-Plaintiffs filed their Partial Motion to Reconsider Regarding Motion to Dismiss, arguing that Counter-Plaintiffs should be permitted to plead their unjust enrichment and quantum meruit claims in the alternative to their breach of contract claim.  D.E. 44.

Federal Rule of Civil Procedure 60(b) allows for reconsideration upon grounds including mistake, newly discovered evidence, and fraud.[1]  Rule 60(b) also contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief." *Id.* (citing *Kivisto v. Soifer*, No. 13-21894-CIV, 2014 WL 29602, at *1 (S.D. Fla. 2014).  The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1991).  In order to reconsider an order, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc.*, 808 F. Supp. at 1563.

The Court is not persuaded that a reconsideration of her prior Order granting the Motion for Reconsideration is necessary.  The Court's Order was clear as to the deficiencies contained within the Counterclaim/Third-Party Complaint.  It is up to the Counter-Plaintiffs to parse through the Order and correct these deficiencies upon the filing of their Amended Counterclaim and Third-Party Complaint.  Counter-Plaintiffs' Motion for Reconsideration is an attempt to re-raise arguments that have been considered by the Court in granting Counter-Defendants' Motion to Dismiss.  Accordingly, it is hereby

---

[1] Counter-Plaintiffs argue that Rule 59(e) is the correct standard under which this Court should consider their Motion for Reconsideration; however Rule 59(e) clearly applies to "judgments," and no judgment has been entered in this case.

ORDERED AND ADJUDGED that Counter-Plaintiffs' Partial Motion to Reconsider Regarding Motion to Dismiss (D.E. 44) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2d day of June, 2016.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf