UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company,<br><br>    Defendants.<br><br>ADVERTISING TECHNOLOGIES LTD., a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,<br><br>    Counterclaimants,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation, CHRISTOPHER MISERESKY, an individual, and NETNUCLEUS USA, INC., a Florida corporation,<br><br>    Counter defendants and<br>    Third-Party Defendants. | CASE NO. 1:15-cv-24738-UU |

**PLAINTIFF/COUNTER DEFENDANT/THIRD PARTY DEFENDANTS' MOTION TO DISMISS COUNTS I, II, III, IV, V, VI, AND VII AND TO DISMISS ENTIRELY MR. MISERSKY AND NETNUCLEUS USA, INC., FROM THE LAW SUIT AND TO DISMISS ALL CLAIMS BROUGHT BY FASTLINK SUPPLIES LP**

Plaintiff/Counter-Defendant, INSTALLER TECHNOLOGY CO., ("ITC") and Third Party Defendants CHRISTOPHER MISERESKY, and NETNUCLEUS USA, INC., ("NETNUCLEUS"), (collectively, "Movants") by and through undersigned counsel, and

pursuant to Fed. R. Civ. P. 12, Move to Dismiss Counts I, II, III, IV, V, VI, and VII of Defendants/Counter-Plaintiffs' Advertising Technologies Ltd. d/b/a Propeller Ads Media, ("Propeller"), and Fastlink Supplies LP, ("Fastlink"), (collectively, "Counter-Plaintiffs") Counterclaims, and to Dismiss Third Party Defendants Christopher Miseresky and Netnucleus from the lawsuit entirely, and state:

## I. INTRODUCTION

The First Amended Counterclaim and Third Party Complaint, like it's predecessor, is a mere tactic to distract the Court from the fraud of the Counter-Plaintiffs. In response to ITC's Complaint, Counter-Plaintiffs filed a Counterclaim and Third Party Complaint, adding two third party defendants, and putting forth allegations essentially based on an alleged breach of contract. For the reasons further explained below each count of the First Amended Counterclaim and Third Party Complaint fail to state a cause of action for which relief can be granted or are insufficiently plead. Further, Counter-Plaintiffs' allegations against both Christopher Miseresky and Netnucleus as a third party defendants in this action are insufficiently plead, calling for their dismissal from the lawsuit in its entirety. Moreover, Fastlink has failed to allege any claim on which relief can be granted and all claims by Fastlink should be dismissed as to all parties.

## II. MEMORANDUM OF LAW

### A.  Motion to Dismiss Standard for Failure to State a Cause of Action

On a Rule 12(b)(6) motion, the allegations of the complaint are accepted as true and plaintiffs are entitled to all reasonable inferences that can be drawn in their favor. *SIG, Inc. v. AT & T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1186 (S.D. Fla. 2013). Nevertheless, to prevail on a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is not required to

accept as true "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In determining whether the allegations state a claim against the Movants, the Court must consider the exhibits attached to the complaint, which are to be considered part of the pleadings for all purposes. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("The litigant may be defeated by his own evidence, the pleader by his own exhibits."). It is well settled in the Eleventh Circuit that, where there is a conflict between the allegations in the pleading and exhibits attached thereto, the exhibits control. *Id.*; *Clearplay, Inc. v. Nissim Corp.*, 555 F. Supp. 2d 1318, 1327 (S.D. Fla. 2008).

However, the Court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent*, *Inc*. *Noteholders Sec*. *Litig*., 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001).

Moreover, "[r]epugnancy in a pleading is an inconsistency or disagreement between statements of material facts" and renders both statements void. *Cohen v. Wilhelm*, 63 F.2d 543, 545 (3d Cir. 1933). Although, separate counts of a pleading may be inconsistent pursuant to Fed. R. Civ. P. 8(d)(3), as a party may plead separate causes of action in the alternative, the same is not true of the allegations which form the basis of individual claims. See *In re Livent, Inc. Noteholders Sec. Litig.*, at 407. ("Conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim.").

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

The allegations in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the pleading standards for a complaint." *Tsavaris v. Pfizer, Inc.,* No. 1:15-CV-21826-KMM, 2016 WL 375008, at *2 (S.D. Fla. Feb. 1, 2016) (internal citations omitted).

**B.     Counts I Through VII Constitute a Shotgun Pleading Requiring Dismissal**

The Eleventh Circuit has expressed increased frustration with district courts that allow a case to proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). *See also Bartes v. Sch. Bd. of Alachua Cty.*, No. 04-15459, 2005 WL 2764744, at *1 (11th Cir.2005) ("We have condemned these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support with claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'") (Internal citations omitted).  The *Byrne* court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Bryne* at 1129.  The *Byrne* panel also counseled, "[s]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.  The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id*. at 1131. Other courts have noted that shotgun pleading imperils fundamental principles of due process. *Barkley v. Davis*, No. 07-61252-CIV, 2007 WL 4557156, at *2 (S.D. Fla. Dec. 21, 2007)

Every single count of the First Amended Counterclaims and Third Party Complaint "repeat, re-allege and incorporate each and every allegation of the preceding paragraphs as if set

- 4 -

- 5 -

forth herein". DE 45 at ¶¶ 49, 55, 59, 64, 69, 75, and 82. Accordingly, because the Complaint as pled violates the Federal Rules of Civil Procedure, and is too muddled to enable the Movants to properly fashion an answer, and raises due process concerns, it should be dismissed. *See Bradley v. Miller*, 2007 U.S. Dist. LEXIS 73465 at *4 (S.D. Fla. 2007); See also *Tsavaris, supra.*

  **B. Third Party Defendants Christopher Miseresky and Netnucleus USA, Inc. Should Be Dismissed From the Lawsuit Entirely Because the Pleadings Implicating Them are Insufficient**

With regards to the liability of Mr. Miseresky and Netnucleus USA, Inc., every count against each is based entirely on a theory of vicarious liability. See DE 45 at n. 2 ("Except to the extent that successor liability and/or breaching of the corporate veil may apply, Propeller and ITC are the only parties to the (disputed) contract involved in this dispute.").

As support for this theory of vicarious liability, every single count of the First Amended Counterclaim and Third Party Complaint incorporates the allegations of ¶ 10 which states that:

> 10. Specifically, and without limitation, Mr. Miseresky caused ITC to take on liabilities to Propeller, built up ITC and his own business on the basis of services and benefits he received from Propeller, nominally transferred that business and those benefits to NUI, then allowed ITC to be **dissolved**, all in an attempt to personally take benefit from Propeller without being responsible for the liabilities.

DE 45 at ¶10. (emphasis added). However, the allegations of ¶ 10 directly and irreconcilably conflict with those contained in ¶ 3, which states that "on December 18, 2015, [ITC] was **reinstated**". DE 45 at ¶ 3. (emphasis added). A company is either active or dissolved, and a reinstated company is very much active. Therefore Counts III, V, IV, and VII, are repugnant and should be dismissed.

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Moreover, the claim for piercing the corporate veil necessary to support every cause of action pled by Counter Plaintiffs against both Miseresky and Netnucleus are all founded on the allegation of an improper dissolution of ITC. Such claims could never succeed in their current form since as Plaintiff acknowledges ITC was reinstated and is not dissolved, and therefore could not have been fraudulently dissolved.

**B.     Third Party Plaintiff's Fastlink, LLC claims should be dismissed in their entirety as to all Third Party Defendants**

In ¶ 46 of the First Amended Counterclaim and Third Party Complaint, the Counter Plaintiffs assert that Fastlink's only connection to the claims is that Fastlink took over the "invoicing of operations for Propeller" as of "June 2015". DE 45 at ¶ 46. Moreover, the allegations of ¶¶ 46 and 47 of First Amended Counterclaim and Third Party Complaint allege that Propeller is owed $263,112.99 for services provided by Propeller and that Propeller relied on statements by the Movants. DE 45 at ¶¶ 46 – 47. Nowhere in the of First Amended Counterclaim and Third Party Complaint is the same allegation made with regards to Fastlink. Fastlink has not claimed any involvement other than essentially acting as billing company for Propeller. There is no allegation that Fastlink is owed any money, or provided any service to any of the Movants, detrimentally relied on any specific statement of the Movants, or was harmed in any way, other than the naked allegations that Fasklink provided a benefit to the Movants or somehow suffered damages. Accordingly, all of the assrtions that Fastlink has provided a benefit to the Movants or been harmed are "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts" requiring dismissal of all claims brought by Fastlink. See *Davila, Supra.*

WHEREFORE, Movants request this Honorable Court enter an order granting this motion and: 1) dismissing counts I, II, III, IV, V, VI, and VII of the First Amended Counterclaim

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

and Third Party Complaint for failing to state a claim for which relief can be granted; and (2) dismiss Third Party Defendants Christopher Miseresky and Netnucleus USA, Inc. from the lawsuit entirely for Counter-Plaintiffs' failure to sufficiently plead the allegations against them; and (4) dismiss all claim by Fastlink Supplies LP for failure to state a cause of action; and (4) for such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/ Avery A. Dial</u>
Avery A. Dial

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Respectfully submitted,

/s/ Avery A. Dial
Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com

Brett Justin Roth
Fla. Bar No. 102214
Email: broth@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101

**SERVICE LIST**

CASE NO. 1:15-cv-24738

Brady J. Cobb, Esq.
Cobb Eddy, PLLC
642 NE Third Avenue
Ft. Lauderdale, FL 33304
E-Mail: bcobb@cobbeddy.com
Attorney for FASTLINK SUPPLIES LP, a
foreign limited partnership

4838-4125-2914, v. 1

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100