UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24738-UU

INSTALLER TECHNOLOGY, CO.,

    Plaintiff,

v.

ADVERTISING TECHNOLOGIES LTD., *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff/Counter Defendant/Third Party Defendants' Motion to Dismiss Counts I, II, III, IV, V, VI, and VII and to Dismiss Entirely Mr. Misersky and Netnucleus USA, Inc., from the Lawsuit and to Dismiss All Claims Brought by Fastlink Supplies LP. D.E. 47. Each of these motions is directed to claims asserted in the First Amended Counterclaims and Third Party Complaint. (D.E. 45)

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## FACTUAL ALLEGATIONS

The following facts are taken from First Amended Counterclaims and Third-Party Complaint. D.E. 45. Third-Party Defendant, Christopher Miseresky ("Miseresky"), is the Chief Executive Officer and sole shareholder of Third-Party Defendant, Netnucleus, Inc. ("Netnucleus"). *Id.* ¶ 6. Miseresky was the sole director and shareholder of Counter-Defendant, Installer Technology Co. ("ITC"), which dissolved on September 25, 2015. *Id.* ¶¶ 7, 41.

1

Netnucleus is ITC's successor-in-interest, conducts the same business as ITC, and has many of the same customers and clients as ITC.  *Id.* ¶ 44.

In September 2014, Miseresky entered into a binding agreement on behalf of ITC with Counter-Plaintiff, Advertising Technologies Ltd. d/b/a Propeller Ads Media ("Propeller"), whereby Propeller agreed to place advertisements for ITC on the internet.  *Id.* ¶ 14.  Tthe agreement required ITC to compensate Propeller for the advertisements and associated services.  *Id.* ¶ 16; D.E. 45-1.  Further, per the agreement, Propeller was to invoice ITC on a weekly basis, and ITC was to pay the invoices within seven (7) days.  *Id.* ¶ 26.

In November 2014, ITC regularly began to delay payments on issued invoices until they were overdue by more than forty-five (45) days.  *Id.* ¶ 27.  By March 2015, ITC was paying invoices sixty (60) days late.  *Id.* ¶ 28.  Prior to June 2015, on at least three occasions, ITC entirely failed to make payment on the issued invoices.  *Id.* ¶¶ 30-32.  Propeller made multiple requests for ITC to make payment on the invoices, and Miseresky informed Propeller that the payments were either forthcoming or the payments were already made.  *Id.* ¶ 33.  Because Propeller believed that the payments were forthcoming, Propeller continued to provide advertising services to ITC.  *Id.* ¶ 34.  Miseresky never sent the payments, and he continued to claim that the payments were "lost."  *Id.* ¶ 39.

On June 8, 2015, Counter-Plaintiff, Fastlink Supplies LP ("Fastlink"), assumed the invoicing operations for Propeller.  *Id.* ¶ 46.  Propeller and Fastlink reissued invoices on several occasions; however, no payments were made or received.  *Id.* ¶ 36.  Over many months, Miseresky repeatedly informed Propeller and Fastlink that payments were forthcoming, and based upon these representations, Propeller continued to provide services to Miseresky and his

companies. *Id.* ¶¶ 35-36. To date, ITC, Netnucleus, and Miseresky owe $263,112.99 for the services provided by Propeller and Fastlink. *Id.* ¶ 47.

## PROCEDURAL BACKGROUND

On April 19, 2016, Counter-Plaintiffs, Propeller and Fastlink, filed their Counterclaim against ITC and their Third-Party Complaint against Miseresky and Netnucleus, alleging the following claims: (1) Breach of Contract against ITC; (2) Unjust Enrichment against Counter-Defendants; (3) Quantum Meruit against Counter-Defendants; (4) Fraudulent/Intentional Misrepresentation against Counter-Defendants; and (5) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against Counter-Defendants. D.E. 28.

On May 13, 2016, Counter-Defendant/Third-Party Defendants filed their Motion to Dismiss on the grounds that Counter-Plaintiffs/Third-Party Plaintiffs failed to state plausible claims. D.E. 33. On May 24, 2016, this Court granted the Motion to Dismiss and provided Counter-Plaintiffs/Third-Party Plaintiffs with leave to amend their Counterclaim/Third-Party Complaint to fix the deficiencies addressed in the Court's Order. D.E. 41. The Court found that Counter-Plaintiffs/Third-Party Plaintiffs failed to sufficiently plead equitable claims for relief because there was no dispute regarding the existence of a contract between ITC and Counter-Plaintiff Propeller, and the incorporated facts, as alleged, rendered the allegations in the counts based on unjust enrichment and quantum meruit internally repugnant. Furthermore, the Court found that Counter-Plaintiffs/Third-Party Plaintiffs failed to meet the heightened pleading standard required under Rule 9(b) to state viable fraudulent misrepresentation and FDUTPA claims. The Court also dismissed the claims asserted against Miseresky because there were no allegations that Miseresky dominated and/or controlled the corporation to such an extent that the

corporation's independent existence was non-existent and/or that Miseresky acted as the alter ego of the corporation as its shareholder.

On June 2, 2016, Counter-Plaintiffs/Third-Party Plaintiffs filed their Amended Counterclaim and Third Party Complaint. D.E. 45. In their pleading, they allege the following claims: (1) Breach of Contract against ITC, (2) Unjust Enrichment in the Alternative against ITC, (3) Unjust Enrichment against Netnucleus and Miseresky, (4) Quantum Meruit against ITC, (5) Quantum Meruit against Netnucleus and Miseresky, (6) Fraudulent/Intentional Misrepresentation against ITC, Netnucleus, and Miseresky, and (7) FDUTPA against ITC, Netnucleus, and Miseresky. *Id.*

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a cause of action, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 557)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555)).

## ANALYSIS

In their Motion to Dismiss, Counter-Defendant/Third-Party Defendants move to dismiss the First Amended Counterclaims and Third-Party Complaint. D.E. 45. Counter-Defendant/Third-Party Defendants argue as follows: (1) the First Amended Counterclaim/Third-Party Complaint should be dismissed because it constitutes a shotgun pleading; (2) Third-Party Defendants, Christopher Miseresky and Netnucleus USA, Inc., should be dismissed because the factual allegations asserted against them are contradictory; and (3) Third-Party Plaintiff, Fastlink, LLC's claims should be dismissed because there is no allegation that Fastlink has standing to proceed in this action. The Court considers each argument.

**1.     Shotgun Pleading**

Counter-Defendant/Third-Party Defendants move to dismiss the Amended Counterclaim/Third-Party Complaint on the grounds that it constitutes a shotgun pleading. In their Motion, the Counter-Defendant/Third-Party Defendants argue that every single count of the claim "repeat[s], re-allege[s], and incorporate[s] each and every allegation of the preceding paragraphs," and such allegations violate the Federal Rules of Civil Procedure. D.E. 47. In response, Counter-Plaintiffs/Third-Party Plaintiffs argue that their claims comply with the Federal Rules and provide Counter-Defendant/Third-Party Defendants with reasonable notice of the claims that are being asserted against them. D.E. 52.

5

"A shotgun-style complaint is [sic] one that 'incorporates all of the general factual allegations by reference into each subsequent claim for relief.'" *See Great Fla. Bank v. Countrywide Home Loans, Inc.*, No. 10-22124-CIV, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3. 2011) (citing *Ferrell v. Durbin*, 311 Fed. App'x 253, 259 (11th Cir. 2009)). Such a form is "disfavored as 'unhelpful and poorly drafted,' and the experience 'teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Id*. (citing *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *8 (S.D. Fla. Sept. 24, 2008)).

The Court does not agree with Counter-Defendant/Third-Party Defendants that the Amended Counterclaim/Third-Party Complaint rises to the level of a shotgun pleading. While it is true that Counter-Plaintiffs/Third-Party Plaintiffs incorporate preceding factual allegations in each claim, this alone does not require the Court to dismiss the entire pleading as a shotgun complaint. In ruling on a motion to dismiss, the Court is required to consider whether Counter-Defendant/Third-Party Defendants are provided with reasonable notice as to the claims being asserted against them, and in doing so, the Court is satisfied that Counter-Plaintiffs/Third-Party Plaintiffs have met this threshold. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). Therefore, to the extent Counter-Defendant/Third-Party Defendants move to dismiss the Amended Counterclaim/Third-Party Complaint on the grounds that the Amended Counterclaim/Third-Party Complaint is a shotgun pleading, that Motion is denied.

**2.      Third-Party Defendants, Christopher Miseresky and Netnucleus USA., Inc.**

Counter-Defendant/Third-Party Defendants move to dismiss Third-Party Defendants, Christopher Miseresky and Netnucleus USA, Inc., from this case because every claim asserted against them is based upon a theory of vicarious liability.  Counter-Defendant/Third-Party Defendants argue that the claims asserted against both Miseresky and Netnucleus are premised upon an improper dissolution of ITC, and in their Counterclaim/Third-Party Complaint, Counter-Plaintiffs/Third-Party Plaintiffs also allege that ITC was reinstated, which is contradictory to the improper dissolution theory.  D.E. 45 ¶ 3.  In response, Counter-Plaintiffs/Third-Party Plaintiffs argue that ITC's dissolution and/or reinstatement is irrelevant to the elements necessary to plead a viable claim for piercing the corporate veil and to plead successor liability.

Under Florida law, "[a] party seeking to pierce the corporate veil and hold a parent corporation liable for the actions of its subsidiary must prove: (1) that the subsidiary was a 'mere instrumentality' of the parent, and (2) that the parent engaged in 'improper conduct' through its organization or use of the subsidiary." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1320 (11th Cir. 1998) (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117-21 (Fla. App. Ct. 1984)); *see also Molinos Valle Del Cibao C. por A. v. Lama*, 633 F.3d 1330 (11th Cir. 2011) ("To 'pierce the corporate veil[,]' the plaintiff must prove that: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant."). Improper conduct is present only in "'cases in which the corporation was a mere device or sham to accomplish some ulterior purpose . . . or where the purpose is to evade some statute or to

7

accomplish some fraud or illegal purpose.'" *Id.* (citing *Mayer v. Eastwood, Smith & Co.*, 122 Fla. 34, 164 So. 684, 687 (Fla. 1935)).

The Court agrees with Counter-Plaintiffs/Third-Party Plaintiffs in that the dissolution and/or reinstatement of ITC is not relevant at this stage of litigation. It appears that Counter-Defendant/Third-Party Defendants are seeking a ruling from this Court as to ITC's corporate status as a matter of law, which is inappropriate at the motion to dismiss stage. In the Court's prior Order, the Court dismissed the claims against Miseresky on the grounds that Counter-Plaintiffs/Third-Party Plaintiffs failed to allege sufficient allegations that Miseresky dominated and/or controlled the corporation to such an extent that the corporation's independent existence was non-existent and/or that Miseresky acted as the alter ego of the corporation. Upon review of the claims asserted against Miseresky and Netnucleus, the Court is satisfied that Counter-Plaintiffs/Third-Party Plaintiffs corrected such deficiencies in their Amended Counterclaim/Third-Party Complaint, and therefore, the Motion to Dismiss is denied.

3. **Third-Party Plaintiff, Fastlink, LLC's Claims**

In their Motion, Counter-Defendant/Third-Party Defendants argue that Third-Party Plaintiff, Fastlink, LLC's claims should be dismissed because there are no allegations that Fastlink had any role in this case other than assuming the "invoicing of operations for Propeller" as of June 2015. D.E. 45 ¶ 46. In response, Counter-Plaintiff/Third-Party Plaintiffs argue that the Amended Counterclaim/Third-Party Complaint details the alleged misrepresentations that Miseresky made to Propeller and Fastlink in paragraphs 36(a)-(k). D.E. 45. The Court agrees with Counter-Plaintiff/Third-Party Plaintiffs that they have provided sufficient allegations pertaining to Fastlink's involvement in this case, and therefore, there is no basis upon which Fastlink's claims should be dismissed.

**4.      FDUTPA Claim**

In the Court's prior Order granting Counter-Defendant/Third-Party Defendants' Motion to Dismiss, the Court dismissed Counter-Plaintiffs/Third-Party Plaintiffs' FDUTPA claim because the Court did not find that a FDUTPA claim was actionable under the factual allegations present in the case.  Furthermore, the Court did not find that Counter-Plaintiffs/Third-Party Plaintiffs sufficiently pleaded special damages, as required to state a FDUTPA claim.  Although Counter-Defendant/Third-Party Defendants do not move to dismiss the FDUTPA claim, the Court finds that Counter-Plaintiffs/Third-Party Plaintiffs failed to correct the deficiencies addressed by the Court in their Amended Counterclaim/Third-Party Complaint.

To sufficiently plead a claim under FDUTPA, a party must allege the following: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages.  *See Blair v. Wachovia Mortg. Corp.*, No. 5:11-cv-566-Oc-37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) (citing *Feheley v. Lai Games Sales, Inc.*, No. 08-23060-civ, 2009 WL 2474061, at *5 (S.D. Fla. 2009)).  A "deceptive act or unfair practice" may be found when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Blair*, No. 5:11-cv-566-Oc-37TBS, at *3 (citing *Sundance Apts I., Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1220 (S.D. Fla. Sept. 23, 2011)).  "Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b)."  *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002).

As addressed by the Court in her prior Order, a FDUTPA violation occurs when a consumer is somehow deceived or mislead, and there are no allegations in the Amended

Counterclaim/Third-Party Complaint to suggest that Counter-Plaintiffs/Third-Party Plaintiffs were true consumers as envisioned by this statute, or whether they were engaged in an arms-length transaction. *See Moss v. Walgreen Co.*, 765 F. Supp. 2d 1363, 1367 (S.D. Fla. 2011) ("[T]he question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances."). In addition, in the Amended Counterclaim/Third-Party Complaint, Counter-Plaintiffs have entirely failed to plead actual damages under FDUTPA. *See QSGI v. IBM Global Financing*, No. 11-80880-CIV, 2012 WL 1150402, at *4-5 (S.D. Fla. Mar. 14, 2012) (finding the plaintiff "failed to plead any facts from which one could plausibly infer the degree to which, or even whether, the market value of any product has changed as a result" of the fraudulent conduct under FDUTPA). Therefore, Count VII is DISMISSED WITH PREJUDICE. Accordingly, it is hereby

ORDERED AND ADJUDGED that Counter Defendant/Third Party Defendants' Motion to Dismiss Counts I, II, III, IV, V, VI, and VII and to Dismiss Entirely Mr. Misersky and Netnucleus USA, Inc., from the Lawsuit and to Dismiss All Claims Brought by Fastlink Supplies LP (D.E. 47) is GRANTED IN PART AND DENIED IN PART. Count VII is DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that Counter-Defendant/Third-Party Defendants SHALL file their Answer to the Amended Counterclaim/Third-Party Complaint no later than **Friday, July 22, 2016**.

DONE AND ORDERED in Chambers at Miami, Florida, this _13th_ day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf