UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company,<br><br>    Defendants. | |
| ADVERTISING TECHNOLOGIES LTD., a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,<br><br>    Counterclaimants and Third-Party Plaintiffs,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation, CHRISTOPHER MISERESKY, an individual, and NETNUCLEUS USA, INC., a Florida corporation,<br><br>    Counterdefendant and Third-Party Defendants. | CASE NO. 1:15-cv-24738-UU |

**INSTALLER TECHNOLOGY CO., CHRISTOPHER MISERESKY, AND NETNUCLEUS USA, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM/THIRD-PARTY COMPLAINT**

    Counter-Defendant, INSTALLER TECHNOLOGY CO. ("ITC"), and Third-Party Defendants, CHRISTOPHER MISERESKY ("Miseresky") and NETNUCLEUS USA, INC. ("NetNucleus"), by and through undersigned counsel, hereby file this Answer and Affirmative

Defenses to the Counterplaintiff/Third-Party Plaintiff's First Amended Complaint [D.E. 45], and state as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted that ITC is a corporation incorporated in Florida. Otherwise, denied as phrased. ITC had been administratively dissolved for not filing an annual report on time, but has been reinstated. It was not dissolved at any point during the business relationship with Propeller Ads.

4. Admitted.

5. Admitted.

## FACTUAL BACKGROUND

**Background on Mr. Miseresky and His Personal Liability**

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

**The Purported Agreement Between Propeller and ITC**

14. Denied as phrased.

- 2 -

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

15. Denied.

16. Denied as phrased.

17. The document speaks for itself. Otherwise, denied.

18. Denied.

19. Denied as phrased.

20. Admitted to the extent that Fastlink, Miseresky, and NetNucleus are not subject to the agreement, which is between only Propeller Ads and ITC. In all other respects, denied.

21. Denied as phrased.

22. The document speaks for itself. Otherwise, denied.

23. The document speaks for itself. Otherwise, denied.

24. This paragraph does not constitute any allegation against the Counterdefendant or any Third-Party Defendant, and so no response is required. However, to the extent is necessary, the Counterdefendant and Third-Party Defendant deny the allegations of this paragraph.

**ITC's Breaches**

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

- 4 -

**ITC, NUI and Mr. Miseresky Fraudulent Acts**

33. Denied.

34. Counterdefendant and Third-Party Defendants are without complete information, deny the allegations contained within this paragraph and demand strict proof thereof.

35. This paragraph constitutes an introductory clause to which no response is required. However, to the extent a response is required, the allegations contained within this paragraph are denied.

> a. Denied.
>
> b. Denied.
>
> c. Denied.
>
> d. Counterdefendant and Third-Party Defendants are without complete information, deny the allegations contained within this paragraph and demand strict proof thereof.
>
> e. Denied.
>
> f. Denied.
>
> g. Denied.
>
> h. Denied.
>
> i. Denied.
>
> j. Denied.
>
> k. Denied.
>
> l. Denied.
>
> m. Denied.
>
> n. Denied.

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394• (954) 377-8100

  o. Denied.

  p. Denied.

36. This paragraph constitutes an introductory clause to which no response is required. However, to the extent a response is required, the allegations contained within this paragraph are denied.

  a. Counterdefendant and Third-Party Defendants are without complete information, deny the allegations contained within this paragraph and demand strict proof thereof.

  b. Denied.

  c. Denied.

  d. Denied.

  e. Denied.

  f. Denied.

  g. Denied.

  h. Denied.

  i. Denied.

  j. Denied.

  k. Denied.

37. This paragraph does not constitute any allegation against the Counterdefendant or any Third-Party Defendant, and so no response is required. However, to the extent is necessary, the Counterdefendant and Third-Party Defendant deny the allegations of this paragraph.

38. Denied.

39. Denied.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

**Additional Factual Background**

40. Denied as phrased.

41. ITC had been administratively dissolved for not filing an annual report on time, but has been reinstated. It was not dissolved at any point during the business relationship with Propeller Ads. Otherwise, denied.

42. Denied.

43. Denied.

44. Denied.

45. This paragraph consitutes a conclusion of law to which no response is required. However, to the extent a response is required, the Counterdefendant and Third-Party Defendants deny the allegations of this paragraph.

46. Counterdefendant and Third-Party Defendants are without complete information, deny the allegations contained within this paragraph and demand strict proof thereof.

47. Denied.

48. Counterdefendant and Third-Party Defendants are without complete information, deny the allegations contained within this paragraph and demand strict proof thereof.

**COUNT I – BREACH OF CONTRACT
PROPELLER AGAINST ITC**

49. Counterdefendant and Third-Party Defendants repeat, reallege, and incorporate each and every response from the preceding paragraphs as if set forth herein.

50. Admitted.

51. Denied.

52. Denied.

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

53.     Denied.

## COUNT II – UNJUST ENRICHMENT IN THE ALTERNATIVE
## PROPELLER AGAINST ITC

54.     This paragraph does not constitute an allegation against Counterdefendant or any Third-Party Defendant and does not require a response. however, to the extent a response is necessary, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.[1]

55.     Counterdefendant and Third-Party Defendants repeat, reallege and incorporate each and every response from the preceding paragraphs as if set forth herein.

56.     ITC's First Amended Complaint speaks for itself. Otherwise, denied.

57.     Denied.

58.     Denied.

## COUNT III – UNJUST ENRICHMENT
## PROPELLER AGAINST NUI AND MR. MISERESKY
## AND FASTLINK AGAINST ITC, NUI AND MR. MISERESKY[2]

59.     Counterdefendant and Third-Party Defendants repeat, reallege and incorporate each and every response from the preceding paragraphs as if set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

---

[1] This footnote constitutes a conclusion of law to which no response is required. However, to the extent a response is required, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

[2] This footnote constitutes a conclusion of law to which no response is required. However, to the extent a response is required, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## COUNT IV – QUANTUM MERUIT IN THE ALTERNATIVE
## PROPELLER AGAINST ITC

63. This paragraph does not constitute an allegation against Counterdefendant or any Third-Party Defendant and does not require a response. however, to the extent a response is necessary, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.[3]

64. Counterdefendant and Third-Party Defendants repeat, reallege and incorporate each and every response from the preceding paragraphs as if set forth herein.

65. Denied as phrased.

66. Denied as phrased.

67. Denied as phrased.

68. Denied.

## COUNT V – QUANTUM MERUIT
## PROPELLER AGAINST NUI AND MR. MISERESKY
## AND FASTLINK AGAINST ITC, NUI AND MR. MISERESKY[4]

69. Counterdefendant and Third-Party Defendants repeat, reallege and incorporate each and every response from the preceding paragraphs as if set forth herein.

70. Denied as phrased.

71. Denied as phrased.

72. Denied as phrased.

---

[3] This footnote constitutes a conclusion of law to which no response is required. However, to the extent a response is required, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

[4] This footnote constitutes a conclusion of law to which no response is required. However, to the extent a response is required, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

73. Denied as phrased.

74. Denied.

### COUNT VI – FRAUD/INTENTIONAL MISREPRESENTATIONS
### PROPELLER AND FASTLINK AGAINST
### ITC, NUI AND MR. MISERESKY

75. Counterdefendant and Third-Party Defendants repeat, reallege and incorporate each and every response from the preceding paragraphs as if set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

### COUNT VII – VIOLATION OF FLORIDA'S
### DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### PROPELLER AND FASTLINK AGAINST ITC, NUI AND MR. MISERESKY

82. The Court has already dismissed Propeller Ads and Fastlink's FDUTPA claims with prejudice, such that no response is necessary. [D.E. 54]. However, to the extent a response is necessary, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

83. The Court has already dismissed Propeller Ads and Fastlink's FDUTPA claims with prejudice, such that no response is necessary. [D.E. 54]. However, to the extent a response is necessary, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

84. The Court has already dismissed Propeller Ads and Fastlink's FDUTPA claims with prejudice, such that no response is necessary. [D.E. 54]. However, to the extent a response is necessary, Counterdefendant and Third-Party Defendants deny the allegations of this paragraph and demand strict proof thereof.

## REQUESTED RELIEF

WHEREFORE, ITC, NetNucleus, and Miseresky request the following relief with respect to the Amended Counterclaim/Third-Party Complaint:

A. That judgment enter in favor of ITC, NetNucleus, and Miseresky and against the Counterclaimants and Third-Party Plaintiffs and that the Counterclaimants and Third-Party Plaintiffs' requested relief be denied in their entirety;

B. That judgment enter in favor of ITC on its Amended Complaint;

C. That ITC be awarded its costs and reasonable attorneys' fees incurred herein; and

D. For such further relief that this Court deems just and appropriate under the circumstances.

## GENERAL DENIAL

ITC, NetNucleus, and Miseresky hereby deny each and every allegation of the Counterclaim/Third-Party Complaint not specifically admitted and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Counterclaim/Third-Party Complaint is barred, in whole or in part, by the Counterclaimants/Third-Party Plaintiffs' own breach of contract.

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

2. The Counterclaim/Third-Party Complaint is barred, in whole or in part, by the Counterclaimants/Third-Party Plaintiffs' unclean hands.

3. The Counterclaim/Third-Party Complaint is barred, in whole or in part, by the Counterclaimants/Third-Party Plaintiffs' own fraud.

4. Propeller Ads and Fastlink cannot recover from ITC, NetNucleus, or Miseresky to the extent that the damages alleged are speculative or uncertain.

5. Propeller Ads and Fastlink cannot recover from ITC, NetNucleus, or Miseresky to the extent that they failed to mitigate their damages.

6. Propeller Ads and Fastlink have failed to state a cause of action for which relief can be granted because they have been paid everything to which they are entitled.

7. Propeller Ads and Fastlink cannot recover from Miseresky because they have failed to show that Miseresky engaged in activity giving rise to a piercing of the corporate veil.

8. Propeller Ads and Fastlink cannot recover from NetNucleus based on a theory of successor liability because ITC remains an active company. *See, e.g.*, *Klumpp v. Bandit Indus., Inc.*, 113 F. Supp. 2d 567, 572-73 (W.D.N.Y. 2000). Furthermore, even if NetNucleus were a successor entity, Florida law is clear that successor entities do not inherit the liabilities of its predecessors unless (1) the successor expressly or impliedly assumes obligations of the predecessor; (2) the transaction is a *de facto* merger; (3) the successor is a mere continuation of the predecessor; or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor. *Bernard v. Kee Mfg. Co., Inc.*, 409 So. 2d 1047, 1049 (Fla. 1982). Because none of these exceptions can be met, neither Propeller Ads nor Fastlink can recover from NetNucleus.

9. Count VI of the Amended Counterclaim/Third-Party Complaint alleges Fraud/Intentional Misrepresentation. Propeller Ads and Fastlink fail to state a claim for such

- 11 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

because this Court does not recognize fraud for future actions. A false statement amounting to a promise to do something in the future is not actionable fraud. *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1103-04 (11th Cir. 1983). Promises of future performance are not actionable even if the promise induces another to enter into a contract. *Id.* at 1104; *Stoler v. Metro. Life Ins. Co.*, 287 So. 2d 694, 695 (Fla. 3d DCA 1974).

10. Counts II, III, IV, and V repeat, re-allege and incorporate each of the allegations set forth in all preceding paragraphs, including paragraphs that allege the existence of, and incorporate by reference, an express contract. This makes Counts II, III, IV, and V internally repugnant.[5] Florida law provides that, where the parties do not dispute the existence of an express contract, a plaintiff may not obtain relief in equity. *See Raven v. Lincoln Nat'l Life Ins. Co.*, No. 07-23137-CIV, 2011 WL 5553837 (S.D. Fla. Nov. 15, 2011) (citing *D.H.G. Props., LLC v. Ginn Cos., LLC*, No. 3:09-cv-735-J-34JRK, 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010)).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[5] The Florida Supreme Court has held that, "where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on demurrer." *Hoops v. Crane*, 47 So. 992, 997 (Fla. 1908). In other words, where a count is internally repugnant, it basically does not exist.

- 12 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/ Avery A. Dial
      Avery A. Dial

Respectfully submitted,

s/Avery A. Dial
Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

- 13 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 1:15-cv-24738-UU

## SERVICE LIST

CASE NO. 1:15-cv-24738

| | |
|---|---|
| Brady J. Cobb, Esq.<br>Cobb Eddy, PLLC<br>642 NE Third Avenue<br>Ft. Lauderdale, FL 33304<br>E-Mail: bcobb@cobbeddy.com<br>Telephone: (954) 527-4111<br>Facsimile: (954) 900-5507<br><br>***Attorney for Advertising Technologies Ltd. and Fastlink Supplies LP*** | Valentin Gurvits, Esq.<br>Boston Law Group, PC<br>825 Beacon Street, Suite 20<br>Newton Centre, MA 02459<br>E-Mail: vgurvits@bostonlawgroup.com<br>Telephone: (617) 928-1804<br><br>***Attorney (Pro Hac Vice) for Advertising Technologies Ltd. and Fastlink Supplies LP*** |

4821-5643-0901, v. 1

- 14 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100