UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| INSTALLER TECHNOLOGY CO., a Florida corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company,<br><br>     Defendants. | |
| ADVERTISING TECHNOLOGIES LTD., a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited partnership,<br><br>     Counterclaimants and Third-Party Plaintiffs,<br><br>v.<br><br>INSTALLER TECHNOLOGY CO., a Florida corporation, CHRISTOPHER MISERESKY, an individual, and NETNUCLEUS USA, INC., a Florida corporation,<br><br>     Counterdefendant and Third-Party Defendants. | CASE NO. 1:15-cv-24738-UU |

## INSTALLER TECHNOLOGY CO.'S MOTION FOR LEAVE TO AMEND TO ADD ALEKSANDAR F. AND JOHN DOE(S) AS A DEFENDANTS

Plaintiff/Counter-Defendant, INSTALLER TECHNOLOGY CO., ("ITC") by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15, hereby files this Motion for Leave to Amend to Add Aleksandar F. and John Doe(s) as A Defendants and in support thereof so states:

CASE NO. 1:15-cv-24738-UU

## BACKGROUND

1. By way of background, this case involves a scam perpetrated by the Defendants, ADVERTISING TECHNOLOGIES LTD. d/b/a PROPELLER ADS MEDIA, a foreign corporation, and FASTLINK SUPPLIES LP, a foreign limited company, against the Plaintiff to over bill the Plaintiff for online advertisements. The Defendants operate an online add network that contracts with various companies to show ads for their products across the Internet. Under the contract between the Plaintiff and the Defendants, the Defendants were paid variably based on the number of advertisement views, clicks, or software downloads. The temptation for fraud is obvious—the Defendants had an incentive to artificially inflate network traffic in order to boost their own bottom line. That is exactly what occurred. The Defendants then demanded payment for the fraudulent bills.

2. On information and belief Aleksandr F. is the Chief Executive Officer of defendant Propeller Ads. **See Exhibit "B", a printout of Aleksandr F.'s LinkedIn page.**

3. Aleksandr F. and John Doe(s) are shareholders, and directors of Propeller Ads and have been so at all relevant times.

4. Aleksandr F. and John Doe(s) have concealed their true identity from the public, but Propeller Ads and Fastlink know their true identities and citizenship.

5. Aleksandr F. and John Doe(s) dominate and control both Propeller Ads and Fastlink to such an extent that the corporate existence of each is non-existence and that the corporations are alter egos of Mr. Aleksandr F. and John Doe(s).

6. As detailed further below, Aleksandr F. and John Doe(s) have treated Propeller Ads and Fastlink without regards to their corporate existence, and have swapped the liabilities,

obligations, assets and businesses of Propeller Ads and Fastlink without regard to any corporate formalities.

7. Specifically, and without limitation, Aleksandr F. and John Doe(s) orchestrated, and oversaw the actions alleged here in and undertaken by Propeller Ads and Fastlink to wrongfully bill ITC, all in an attempt to personally take benefit from ITC by billing for services which were not actually provided or inflated as alleged herein.

8. On the basis of this improper conduct engaged by Aleksandr F. and John Doe(s) Propeller Ads and Fastlink, are mere instrumentalities of Aleksandr F and John Doe(s).

9. Aleksandr F. and John Doe(s) engaged in this improper conduct for the purpose of personal enrichment, and enrichment of their businesses, to the determent of ITC.

10. It was Aleksandr F. and John Doe(s) improper conduct as alleged herein that has caused injury to ITC.

11. Accordingly, Plaintiff seeks to add Aleksandr F. and John Doe(s) as defendants in this matter.

## INCORPORATED MEMORANDUM OF LAW

The Federal Rules of Civil Procedure have a strong policy in favor of the liberal amendments of pleadings. *Borden, Inc. v. Florida East Coast Railway Company*, 772 F. 2d 750, 757 (11th Cir. 1985). Specifically, Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's consent or the Court's leave. Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." In explaining this policy, the United States Supreme Court, in *Foman v. Davis*, 371 U.S. 178 (1962), construed the "freely give leave when justice so requires" standard as follows:

CASE NO. 1:15-cv-24738-UU

> [i]n the absence of an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be 'freely given.'

Id. at 182. See also *Conlon v. Northwestern Mut. Life Ins. Co.*, 2014 WL 1608371 (S.D. Fla. 2014); *Remington v. Newbridge Securities Corp.*, 2014 WL 505153, *12 (S.D. Fla. 2014) (same); *Hurtado v. Raly Development, Inc.*, 281 F.R.D. 696, 700 (S.D. Fla. 2012). Leave to amend under Rule 15(a) "should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party." *John Morrell & Co. v. Royal Caribbean Cruises,* Ltd., 243 F.R.D. 699, 700-701 (1962).

Accordingly, the Plaintiff seeks leave to amend to add Aleksandr F. and John Doe(s) as a defendants. A copy of the proposed Second Amended Complaint is attached hereto as **Exhibit A**.

**WHEREFORE**, Plaintiff, INSTALLER TECHNOLOGY CO., a Florida corporation, requests this honorable Court grant this Motion for Leave to Amend so it can file its Second Amended Complaint and add Aleksandr F. and John Doe(s) as a defendants to this action.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Avery A. Dial
        Avery A. Dial

Respectfully submitted,

/s/ Avery A. Dial
Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com

Brett Justin Roth
Fla. Bar No. 102214
Email: broth@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:  (954) 377-8100
Facsimile:  (954) 377-8101

CASE NO. 1:15-cv-24738-UU

## SERVICE LIST

CASE NO. 1:15-cv-24738

Brady J. Cobb, Esq.
Cobb Eddy, PLLC
642 NE Third Avenue
Ft. Lauderdale, FL 33304
E-Mail: bcobb@cobbeddy.com
Telephone: (954) 527-4111
Facsimile: (954) 900-5507

*Attorney for FASTLINK and PROPELLER ADS*

4837-1667-2822, v. 1