UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24738-UU

INSTALLER TECHNOLOGY, CO.,

    Plaintiff,

v.

ADVERTISING TECHNOLOGIES LTD., *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Installer Technology Co.'s Motion for Leave to Amend to Add Aleksandar F. and John Doe(s) as Defendants. D.E. 60.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

On December 28, 2016, Plaintiff, Installer Technology, filed its Complaint against Defendants. D.E. 1. This Court issued her Scheduling Order on July 13, 2016 and set August 12, 2016 as the deadline for amending pleadings. D.E. 56. On August 12, 2016, Plaintiff filed its Motion for Leave to Amend to Add Aleksandar F. and John Doe(s) as a Defendants [sic]. D.E. 60. In its Motion, Plaintiff requests that it be granted leave to amend to add Aleksandar F., who is the Chief Executive Officer of Defendant, Propeller Ads., as a Defendant. In addition, Plaintiff insists that it wishes to add "John Doe(s)" as Defendants for their involvement as shareholders and directors of Defendants, Propeller Ads.

District courts are required to enter orders limiting the time within which litigants may add parties and amend pleadings, and such orders may be modified only "for good cause and

with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be set despite the diligence of the party seeking the extension.'").  Furthermore, "[a] district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion."  *Sosa*, 133 F.3d at 1418 (citing *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)).

Plaintiff has failed to provide sufficient reasoning as why it was unable to discover the identity of Aleksandar F. and/or the John Doe Defendants prior to the expiration of this Court's amending pleadings deadline.  Plaintiff's Motion for Leave to Amend was not filed in advance of the Court's deadline; rather, the Motion was filed on the deadline itself.  This case has been pending since December 2015, and discovery presumably has been ongoing.  Plaintiff has failed to establish to the Court that it engaged in the necessary due diligence prior to the expiration of the deadline.  Further, upon a cursory review of Plaintiff's proposed Second Amended Complaint, the Court is not persuaded that there is any basis whatsoever upon which Plaintiff should be granted leave to amend its Complaint at this stage in litigation in light of the fact that Plaintiff admits in its proposed Second Amended Complaint that it "does not know the true identity of John Doe(s) or Alexksandar F. legal name, or the citizenship of John Doe(s)."  D.E. 60-1 ¶ 10.  Such an amendment would be futile and a waste of judicial resources.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Installer Technology Co.'s Motion for Leave to Amend to Add Aleksandar F. and John Doe(s) as Defendants (D.E. 60) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf